# REPORTS OF CASES

## DETERMINED IN

# THE SUPREME COURT,

## JULY TERM, 1878.

[No. 5191.]

## MATTHEW KELLER v. CARRIE S. LEWIS and G. F. LEWIS.

EQUITY WILL NOT ENFORCE A PENALTY.—It is a universal rule in equity never to enforce either a penalty or forfeiture.

VENDOR'S EQUITABLE RIGHTS.—In the view of a Court of Equity, in the case of an agreement to sell land, the title being retained by the vendor as security for the balance of the purchase-money, if the vendor obtains his money and interest, he gets all he expected when he entered into the contract.

VENDOR'S REMEDY IN EQUITY.—The remedy of the vendor in equity for the persistent default of the vendee is to institute proceedings to foreclose the right of the vendee to purchase, the decree usually giving the latter a definite time within which to perform.

APPEAL from the District Court of the Seventeenth Judicial District, County of Los Angeles.

The complaint alleges that on March 25th, 1872, the plaintiff being seized in fee and possessed of the Rancho Topango Malibu, agreed, in writing, to sell the same to the defendant Carrie for the sum of thirty-five thousand dollars, of which she agreed to pay one-third upon delivery of the agreement, and the balance on or before the 26th day of June, 1872, with interest on the deferred payment at the rate of ten per cent. per annum; that the

said defendant paid eleven thousand six hundred and sixty-six dollars and sixty cents, in accordance with the agreement, and thereafter failed and refused to pay any portion of the balance; that the defendant Carrie S. Lewis, with her sons, moved upon and took possession of said Rancho, and resided there for about the space of sixty days; that she then abandoned said lands and returned to the City of Cleveland, State of Ohio; that she wholly quit and abandoned said lands, and also said contract; that said contract still remains in her hands, and that the record thereof, unsatisfied and uncanceled, remains in the Recorder's Office, and operates as a cloud upon plaintiff's title, and that he is unable to sell the said lands by reason of said cloud, to his great damage. The complaint sets out the contract in full, including the following clause : " In the event of a failure to comply with the terms hereof by the said party of the second part, the said party of the first part shall be released from all obligations in law or equity to convey said property, and said party of the second part shall forfeit all right thereto, and the said party of the first part on receiving said payment, at the time and in the manner above mentioned, agrees to execute and deliver to the said party of the second part, or to her assigns, a good and sufficient deed, in form to be a bargain and sale deed, and to give her the United States patent therefor when issued, and it is understood that the stipulations aforesaid are to apply to and bind the heirs, executors, administrators, and assigns of the respective parties." The prayer of the complaint was that the plaintiff's title be quieted as against the defendants, that they be forever barred from asserting any claim under the said agreement, and that the money already paid by the defendants be declared forfeited.

The defendants answered, alleging that they were husband and wife; that they were residents of Ohio; that the husband had sent the wife to California to purchase a farm for the children, giving her specific instructions not to purchase any land of which the title was in any way in dispute; that the wife had made the purchase from the plaintiff upon his representation that the title was perfect, and the possession should be undisturbed; that soon after entering into possession, she was annoyed by various parties claiming adversely, and the plaintiff

had never been able to give a perfect title, nor to secure the defendants in the quiet possession of the property. They asked that the contract be rescinded, and that the plaintiff be required to return the eleven thousand six hundred and sixty-six dollars and sixty cents, with interest.

At the trial it appeared that the rancho, which contained thirteen thousand three hundred and thirty-five and seventy one-hundredths acres, was a tract originally granted by José Joaquin Arrellaga, Governor of California, to José Bartolome Tapia, in 1804; that at the time of the sale to defendants, the heirs of Tapia were in possession, claiming two-thirds of it, and a suit was subsequently brought by the plaintiff to eject them, which action was pending before the Supreme Court at the time of the trial. It appeared, also, that the property had advanced in value to about sixty thousand dollars; that the defendants had tried to sell, but could not do so because of the trouble about the title; that the defendant Carrie had occupied the premises only a few months, when she had returned to her husband in Ohio.

The Court found that the statements in the complaint were true, and thereupon issued a decree in accordance with the prayer of the complaint. Soon after the entry of the decree, the appeal in the case of *Keller* v. *Tapia* was decided in favor of the plaintiff, thus perfecting his title to the whole rancho. Thereafter the defendants filed a motion stating the fact, and asking that the decree be modified so as to allow them to pay the balance due under the contract with plaintiff, and take the land. The motion was denied. They then moved for a new trial, which was refused, whereupon they appealed.

*Glassell, Chapman & Smiths*, for Appellant.

The defendants—even if technically in default—have sufficiently excused their delay to entitle them to specific performance. We claim, therefore, that as time was not made of the essence of the contract, the case must be decided in our favor. Code of Civil Procedure, sec. 3275, is decisive as to this point. (On this point see 1 Story's Eq. Jur. secs. 771, 775; *Steel* v. *Branch*, 40 Cal. 1; *Vernon* v. *Stevens*, 2 P. Williams, 65;

*Moss* v. *Matthews*, 3 Vesey Jr. 279.) A bill in equity, to declare a forfeiture, is something altogether unprecedented. In this case the forfeiture being admittedly for punishment, comes under the definition of a penalty. Contracts for forfeitures (in most cases) and for penalties (in all cases) have been universally held void. (2 Story's Eq. secs. 1319, 1321, 1315; Civil Code, secs. 2889, 3275; *Skinner* v. *White*, 17 John. 368; Willard's Eq. 55–56.) The right of the defendant to the land consisted merely in her right to a conveyance from the plaintiff; and the forfeiture of this right is simply equivalent to an annulment of the plaintiff's obligation to convey. The two clauses are therefore evidently equivalent, and were doubtless so intended to be by the parties. This construction is in accordance with Lord Bacon's rule of construction: " *Copulatio verborum indicat acceptationem in eodem sensu.*" Moreover, if we give a larger sense to the second clause than to the first, the first becomes entirely superfluous. The gist of the whole provision, therefore, is to give to plaintiff the option to terminate his contract— or in other words, to rescind it. No distinction, therefore, can be made between the two cases. It may, indeed, be said that in equity the vendee is considered the owner of the land, and the vendor as only having a lien. But " it is a universal rule in equity never to enforce a penalty or forfeiture," (2 Story's Eq. Jur. sec. 1319) and in all cases " where the condition or forfeiture is merely a security for the non-payment of money, (such as a right of re-entry for non-payment of rent) there it is to be treated as a mere security, and in the nature of a penalty, and is accordingly relievable." (Ibid. secs. 1321, 1315.) Our Code, sec. 2889, but reënacts the old law, when it provides that " all contracts for the forfeiture of property subject to a lien, in satisfaction of the obligation secured thereby, * * * are void."

The case of *Bohall* v. *Diller*, 41 Cal. 534, is to the same effect, and has not been overruled on this point. The case of *Palmer* v. *Temple*, 9 Ad. & El. 508, is precisely in point, differing only in the fact that in it the vendee was grossly and culpably in default. The question involved in that case was stated by Chief Justice Denman to be " whether one contracting for the purchase of landed property, who refuses to com-

plete his contract, may recover the deposit of the vendor upon his afterwards selling the property to another "; and he concludes—with no dissent—" he (the vendor) cannot retain the deposit; for that must be considered not as an earnest to be forfeited, but as part payment. But the very idea of payment falls to the ground when both parties have treated the contract as at an end, and from that moment the vendor holds the money advanced to the use of the purchaser." The same principles have been repeatedly affirmed in this country, and the following cases will be found to be directly in point; all of them being cases of vendees in default recovering the money they had paid' on the contract upon the vendor's selling the property and disabling himself from performing. (*Raymond* v. *Bearnerd*, 12 John. 274; *Faucher* v. *Goodman*, 29 Barb. 316; *Gillette* v. *Maynard*, 5 John. 85. See also *Voorhees* v. *Earle*, 2 Hill. 29.)

To all this the only reply that plaintiff's counsel make is: " We never agreed to return any money." But this does not meet our proposition, which is that the law requires that if the contract is rescinded in part it must be rescinded in toto, and our money returned. (*Muller* v. *Steen*, 30 Cal. 402.)

*Brunson, Eastman & Graves*, for Respondent.

We call the attention of the Court to the significant fact that this action is brought to declare a forfeiture as provided in the contract itself, and not to obtain a judgment of rescission. Forfeiture, as defined by Bouvier, is " A punishment annexed by law to some illegal act or negligence in the owner of lands, tenements, or hereditaments, whereby he loses all his interest therein, and they become vested in the party injured, as a recompense of the wrong which he hath sustained." (2 Black Com. 267.) " An estate may be forfeited by a breach or non-performance of a condition annexed to the estate, either expressed in the deed at its original creation, or implied by law from a principle of natural reason." (2 Black Com. 281; Littleton, sec. 361; 5 Pick. 528; 2 N. H. 120; 5 Serg. & R. 375; 32 Me. 394; 18 Com. 535; 12 Serg. & R. 190.) For the definition of rescission we refer to Bouvier, and the distinction be-

comes apparent.   We ask no specific performance, nor do we ask to rescind, but to declare a forfeiture by reason of a total failure to perform without any excuse for the laches.

By the Court, McKinstry, J.:

The decree declares the money already paid on the contract —and all right of defendants in and to the lands—forfeited.

It is a *universal rule* in equity never to enforce either a penalty or forfeiture.  (2 Story's Eq., 1319, and cases cited.)   On the contrary, equity frequently interposes to prevent the enforcement of a forfeiture at law.   In the view of a Court of Equity, in cases like the present, the legal title is retained by the vendor as security for the balance of the purchase money, and if the vendor obtains his money and interest he gets all he expected when he entered into the contract.  True, he is not bound to wait indefinitely after the failure of the purchaser to comply with the terms of his agreement.   If the payments are not made when due, he may, if out of possession, bring his ejectment and recover the possession; but if he comes into *equity* for relief, his better remedy, in case of persistent default on the part of the vendee, is to institute proceedings to foreclose the right of the vendee to purchase; the decree usually giving the latter a definite time within which to perform. (*Hansborough* v. *Peck*, 5 Wallace, 506.)

Under the circumstances of this case, as presented by the pleadings and evidence, the decree of the District Court should have fixed a day within which the defendants should pay the balance due upon the contract, and costs, etc., or be forever foreclosed of all right or interest in the lands, or to a conveyance thereof.

Judgment and order reversed, and cause remanded, with directions to the Court below to render a decree in accordance with the views herein expressed.