[Sac. No. 454. Department Two.—April 12, 1899.]

ODD FELLOWS' SAVINGS BANK, Respondent, v. GEORGE L. BRANDER et al., Appellants.

VENDOR AND PURCHASER—CONTRACT OF SALE—ACTION TO FORECLOSE RIGHTS OF VENDEE—PRIVILEGE OF ASSIGNEES.—In an action to foreclose the rights of a vendee, who is in default under a contract of sale, the assignees of the vendee, who are made parties, may protect themselves by asking permission to bring the money into court and make payment within the time fixed by the court therefor; but if they make no such request, they cannot complain that the privilege to pay for the property, and take a deed within the time fixed for such payment by the vendee, does not, in terms, include them.

ID.—FORM OF DECREE—ORDER OF SALE UNNECESSARY.—In such action it is proper for the court to fix a time within which the vendee must make payment, or be foreclosed of his rights; and it is not necessary that the court should order a sale of the property.

ID.—RETENTION OF PURCHASE MONEY BY VENDOR.—It cannot properly be objected that the decree may operate to give plaintiff the land, and also to allow plaintiff to retain the money paid on account of the price. This is proper, whether the contract provides for a forfeiture or not. The law will not permit defendants to profit pecuniarily by their own default.

ID.—TENDER AND DEMAND—STIPULATION—AUTHORITY OF ATTORNEY—RATIFICATION.—A stipulation signed by one of the defendants, who appeared as attorney for all of the defendants, showing that a tender of a deed, and demand of payment, was in fact made by the plaintiff, though denied in the answer, may be presumed to have been signed by one who appeared by authority; and such stipulation operates as a ratification of his previous acts in acknowledging service of the tender and demand on behalf of all of the defendants.

APPEAL from a judgment of the Superior Court of Sutter County and from an order denying a new trial. E. A. Davis, Judge.

The facts are stated in the opinion.

Henry Thompson, for Appellants.

Charles L. Tilden, for Respondent.

CHIPMAN, C.—Action to foreclose the rights of a vendee under a contract for the purchase and sale of land. Plaintiff had the decree, from which, and from an order denying defend-

ants' motion for a new trial, defendants appeal. Findings of fact were waived, and the cause was heard upon a "stipulated statement of facts," from which the following appear: "On June 10, 1892, plaintiff and defendant Brander entered into an agreement by which plaintiff agreed to sell and Brander agreed to purchase certain twenty-nine thousand acres of land, situated in the county of Sutter, for the sum of fifty thousand dollars, as follows: Five hundred dollars on executing the agreement; two thousand five hundred dollars thirty days from its date; three thousand dollars one year from its date, and the balance, forty-four thousand dollars, two years from date. Brander was given possession, with the right to rents and profits, and was to pay the taxes on the property and five hundred dollars a year as rental, but no interest on the deferred payments of the purchase price. The contract of sale also included certain levee district warrants to go with the land. Brander made the cash payment of five hundred dollars and the thirty-day payment of two thousand five hundred dollars, and five hundred dollars on account of rent, but no more; "said agreement has not been performed by said George L. Brander, or by anyone else in his behalf"; "plaintiff has complied with and performed all the terms and conditions of said contract on its part to be performed, and that plaintiff is ready and willing to and has offered to perform all the terms of said contract on its part to be performed; and the plaintiff has duly demanded of the defendants that they carry out the terms of said agreement on their part to be performed, and that they pay the balance due under said agreement, but that defendants have not made such payments, and have made no payment under said agreement other than those set forth in the complaint"; plaintiff paid all taxes after the first installment for 1893-94; Brander assigned his interest in the contract to the other defendants; on July 2, 1894, "C. L. Tilden, as attorney for the plaintiff, and in its behalf, served on said defendant, Henry Thompson, a written demand," directed to each of the defendants, requiring them to comply with the terms of said agreement; "and the said Henry Thompson, on said second day of July, 1894, as the attorney for said parties (defendants), did admit service of said demand on behalf of all the parties to whom it was addressed by written indorsement thereon as follows:

" 'Service of the within demand and notice is hereby admitted on behalf of all the parties to whom it is addressed.

" '(Signed)                  HENRY THOMPSON,

" 'Attorney at Law.' "

On February 21, 1895, said Tilden, as attorney for plaintiff, made a tender of deed to the defendants through said Thompson in manner similar to the service of notice last above mentioned.

As conclusion of law the court found that "Brander should perform his contract within sixty days, or be foreclosed of his rights under the same. The plaintiff's title should be quieted against the other defendants." Decree was entered accordingly

1. Appellants claim that, as the contract had passed to the defendants other than Brander, the sixty-day limitation in which to make payment ought to have run to them and not to Brander. The promise to pay was by Brander alone. The other defendants assumed no liability to plaintiff and none was enforceable against them by plaintiff. They were made parties, and as assignees of Brander could have fully protected themselves by asking that they be permitted, as Brander's assignees, to bring the money into court and make payment within the time fixed by the court. They made no such request, and no cause appears either from the answer or the stipulated facts entitling them to be treated as principal debtors or vendees. Brander's obligations to plaintiff remained undischarged after his assignment to the other defendants. (Civ. Code, sec. 1457.) These latter defendants have no cause for complaint that the sixty-day privilege to pay for the property and take a deed did not in terms include them. (*Truebody v. Jacobson*, 2 Cal. 269.)

2. Appellants contend that the decree should have ordered the property sold in the event of failure to redeem within sixty days, as in the case of a mortgage. Appellants misconceive the purpose of the remedy. The course pursued in this case was in harmony with the well-settled practice in this state in like cases. (*Sparks v. Hess*, 15 Cal. 186; *Keller v. Lewis*, 53 Cal. 113; 56 Cal. 466; *Fairchild v. Mullan*, 90 Cal. 190; *Southern Pac. R. R. Co. v. Allen*, 112 Cal. 455; *Rayfield v. Van Meter*, 120 Cal. 416.)

3. It is objected that the decree gives plaintiff the land and

CXXIV CAL.—17

allows it to retain the money paid on account of the price. This was not error. It is well settled that "a party who has advanced money, or done an act, in part performance of the agreement, and then stops short and refuses to proceed to its ultimate conclusion, the other party being ready and willing to proceed and fulfill all his stipulations according to the contract, will not be permitted to recover back what has thus been advanced or done." (*Hansbrough v. Peck*, 5 Wall. 497; *Ketchum v. Everston*, 13 Johns. 359; 7 Am. Dec. 384; *Keller v. Lewis, supra*.) This is true whether or not the contract provides for a forfeiture of payments made in case of the vendee's failure to complete the purchase. (*Glock v. Howard etc. Co.*, 123 Cal. 1.) The present case is a striking illustration of the wisdom and justice lying at the root of this rule. Brander and his assigns have been in possession of this land since the purchase, presumably receiving its rents and profits, and have not only failed to make the payments due on the principal debt, but have defaulted in payment of rent and taxes to an amount greater than the payments made on the price. The contention of defendants has no merit. The law will not permit defendants to profit pecuniarily by their own default.

4. Finally, it is urged that there was no tender of deed and demand of payment made by plaintiff. The stipulated facts clearly show both tender and demand. Mr. Thompson, who acknowledged service of these notices and entered into the stipulation of facts on behalf of defendants, is the same Mr. Thompson who appeared in the action as a codefendant and as attorney for all of them. We think the trial judge had the right to presume authority in Mr. Thompson to acknowledge service; and, furthermore, to hold that his stipulation as to the facts was a ratification of his previous acts. It is true that the answer denies a tender and demand, but the stipulation was entered into long after the answer was filed, and admits that in this particular the allegations of the complaint are true and that the allegations of the answer are untrue.

We discover no error and advise that the judgment and order be affirmed.

Haynes, C., and Pringle, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

Henshaw, J., Temple, J., McFarland, J.