[S. F. No. 1777.   Department One. — May 4, 1901.]

THOMAS JOHNSTONE, Appellant, v. JAMES MULCAHY,
Respondent.

VENDOR AND VENDEE — ACTION BY VENDEE FOR ACCOUNTING AND SPE-
CIFIC PERFORMANCE — FINDINGS — EXCESSIVE SUM FOUND DUE —
FORECLOSURE — APPEAL. — In an action by a vendee of real property
in possession, against the vendor, for an accounting and specific per-
formance of the contract of sale, where numerous payments, which
were in fact made, and clearly established by the evidence, were
not credited in the accounting, and a grossly excessive aggregate
sum was found due, without any finding as to the dates of the sev-
eral payments, and erroneous computations of interest were made,
and an erroneous judgment of foreclosure was awarded to the de-
fendant against the plaintiff for the excessive sum, the judgment
must be reversed upon appeal.

ID. — PAYMENTS WITHOUT RECEIPTS — SETTLEMENT — FINDING AGAINST
EVIDENCE. — Where numerous installments were found to be un-
paid, for which no receipts were given, and the payments were
clearly established by the evidence, and the absence of receipts was
accounted for by the fact that the plaintiff was in the habit of
making payments without taking receipts, and a settlement was
proved by the plaintiff, which was not denied by the defendant,
which was inconsistent with such finding, the finding cannot be
sustained.

ID. — SUBSEQUENT RECEIPTS EVIDENCE OF PREVIOUS PAYMENTS — FIND-
ING. — Where, by the terms of the contract, a certain number
of monthly installments of purchase-money were to be paid in
the form of rent, and the court found that all payments, though
made in the form of rent after a certain year, were all in fact
made upon a note for the residue of the purchase-money, in
view of such finding, and of the circumstances of the case, receipts
subsequently given and dated must — in the absence of explanation
or proof of mistake — be taken as conclusive evidence of the pay-
ments of all previous installments.

ID. — INSUFFICIENT FINDING AS TO AGGREGATE AMOUNT PAID UPON NOTE
— FAILURE TO SPECIFY DATES OF PARTICULAR PAYMENTS. — A finding
as to the aggregate amount of payments made upon the note,
which bore nine per cent interest, compounding semi-annually, with-
out any finding as to the dates of the several payments, is insuffi-
cient to determine the amount due upon the note, or to show upon
what theory the aggregate amount found due was obtained.

ID. — ERRONEOUS COMPUTATION OF INTEREST — PARTIAL PAYMENTS. — It
was error to charge the full compound interest on the note at the
rate specified therein, without applying the partial payments made
thereon, and to credit only legal interest upon such payments.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. George H. Bahrs, Judge.

The facts are stated in the opinion of the court.

Charles Wesley Reed, for Appellant.

Naphtaly, Freidenrich & Ackerman, for Respondent.

THE COURT.—Suit by vendee of real property in possession, against the vendor, for accounting and for specific performance. The judgment was, that there was due on the contract the sum of $3,869.54, and that, on default of payment for thirty days, plaintiff should be foreclosed of his interest, and defendant have restitution of the premises. It is claimed by the appellant that the amount adjudged against him was excessive; and this is the only point that need be considered.

The contract of sale was in the form of a lease and accompanying agreement of date May 17, 1878. The lease provided for the payment of seventy-two monthly installments of $45.07 each, amounting to $3,245.04; and the agreement—as written —was for a conveyance, upon the payment of these installments, and of a promissory note of $1,350, payable nine years from date, with interest at nine per cent per annum, compounding semi-annually. Fifty-two of the monthly installments (it is found) were paid,—amounting to $2,343.64,—and on the promissory note the sum of $3,125; and it is found, generally, that "the amount owing at the time of the commencement of this suit from plaintiff to defendant, over and above all payments made by plaintiff to defendant on account thereof, together with interest on all such payments at the rate of seven per cent per annum, is . . . $3,869.54." The points made by the appellant are: 1. That the remaining monthly installments (twenty in number) were also paid; 2. That a larger amount was paid on the promissory note than is credited; and 3. That the balance due at the commencement of the suit was much less than found.

1. With regard to the first point, we think the payment of the twenty installments found to be unpaid is very clearly established by the evidence. The absence of receipts is accounted for by the fact that the plaintiff was in the habit of making payments without taking receipts. He testifies that in 1887,

at a settlement between him and the defendant, the amount found to be due on the note was about two thousand eight hundred dollars, and that it was agreed that there was two hundred dollars more due for money paid by the defendant for taxes, etc. This statement is not denied by the defendant, but is apparently admitted. The amount stated to be due (two thousand eight hundred dollars) is about the amount that would have been due on the note, calculated with compound interest, subject to two payments shown by receipts of date December 1, 1878, and June 30, 1879.

It is also asserted by both parties, in effect, and expressly found by the court, that the payments made subsequent to 1887 were all on the note, and that the receipts given for the amounts paid were in the same form as for the monthly installments originally provided for; as, for example, the following: —

"SAN FRANCISCO, Dec. 1, 1887.

"Received of Thomas Johnstone, fifty-five dollars, rent, in advance, for house 1757 Ellis Street.        JAMES MULCAHY."

These receipts, taken in connection with the finding and other circumstances in the case, must—in the absence of explanation or proof of mistake—be taken as conclusive of the payments of previous installments. (2 Wharton on Evidence, sec. 1362.)

2. The finding that only $3,125 was paid on the note is also in conflict with the evidence. According to the account of the defendant attached to his answer, there was admittedly another payment of $243; and receipts were in evidence showing other payments.

3. It follows, that the amount found due was excessive, in failing to credit the plaintiff with the amounts last referred to, and in charging him with the amount of the twenty installments found to be unpaid, and with the interest thereon. But it also appears that it was otherwise excessive. In this regard the findings themselves are insufficient. The referee finds the aggregate of the payments on the note, but does not find the dates of the several payments. Without these the amount due cannot be determined, and it cannot be perceived how, or on what theory, he arrived at his conclusion as to the aggregate amount due. But there is at least enough in the finding to show that the referee proceeded on a wrong theory. For, while the plaintiff is charged with the principal of the

note, with interest compounding semi-annually at nine per cent per annum, he is credited only with interest at seven per cent on his payments. The finding is also in conflict with the defendant's answer, where, from the account attached, it appears that—as claimed—the amount due at the date of filing the answer (November 5, 1896) was $3,869.54,—precisely the amount found by the referee to be due at the commencement of the action (December 17, 1895),—nearly a year before. It may also be inferred from the precise coincidence of the amount found with the amount shown by the defendant's account that the finding is in fact based on the account; and assuming this to be the case, and accepting, *pro hac vice*, the items of the account, it is obvious that the estimate of the amount due was grossly erroneous, and largely in excess of the true amount.

The judgment and order denying a new trial are reversed and the cause remanded, with directions to allow the plaintiff to amend his pleadings, if he be so advised, and for a new trial.

Hearing in Bank denied.