[Civ. No. 304.  First Appellate District.—December 7, 1906.]

## THOMAS JOHNSTON, Appellant, v. JAMES MULCAHY, Respondent.

SPECIFIC PERFORMANCE—CONTRACT FOR SALE OF LAND—ACCOUNTING—SUPPORT OF FINDINGS.—*Held*, that, in this action for a specific performance of a contract for the sale of land, and for an accounting of payments made thereon, the evidence is sufficient to support the findings as to the balance due from plaintiff to defendant, which must be paid with legal interest, to obtain a deed.

ID.—ORAL EVIDENCE INADMISSIBLE.—When the written contract of sale, and an accompanying lease of the property, were plain and unambiguous, oral evidence was inadmissible to prove subsequent statements to vary or change their meaning, in the absence of a plea that the writings through mistake did not correctly set forth the contract between the parties.

ID.—FORM OF DECREE.—The decree entered upon the findings is not required to be one like the foreclosure of a mortgage; but it is proper to decree restitution of the premises to the defendant, unless the plaintiff shall within thirty days pay the sum found due with legal interest from the entry of judgment, and that if such payment be made, defendant shall execute to plaintiff a deed of the property.

ID.—SERVING OF COST-BILL.—Where the record shows that a verified cost-bill was both filed and served upon the opposite party, the point that it is not sufficient to serve a mere copy of the verified memorandum filed is not presented for consideration.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. M. C. Sloss, Judge.

The facts are stated in the opinion of the court.

John B. Carson, for Appellant.

Naphtaly, Freidenrich & Ackerman, for Respondent.

HALL, J.—This case has been up on appeal once before, when a new trial was ordered, with leave to plaintiff to amend his complaint. (*Johnston* v. *Mulcahy*, 132 Cal. 606, [64 Pac. 1077].)

The case comes before us upon three appeals, to wit, an appeal from the judgment, an appeal from the order denying plaintiff's motion for a new trial, and an appeal from the order denying plaintiff's motion to strike out defendant's cost-bill, which are embodied in one transcript.

It appears that plaintiff entered into a contract with defendant May 17, 1878, set forth in two writings. In the first plaintiff in terms leased certain real estate of defendant for the period of six years, and agreed to pay therefor a monthly rental of $45.07 in advance on the first day of each month, and also agreed to pay all taxes, water rent, and for all repairs and expenses for street work of every nature, and to keep the property insured for the benefit of the lessor in the sum of $2,000.

In the second writing, executed the same day, it is in terms agreed that if plaintiff shall faithfully comply with the terms of said lease, and shall further pay to the defendant the sum of $1,350 and interest, according to the terms of a promissory note set forth in the agreement, defendant would convey the property to plaintiff. The note bears date May 17, 1878, and calls for the payment to defendant by plaintiff nine years after date of the principal sum of $1,350, with interest at nine per cent per annum from date until paid, and to be compounded semi-annually, if not paid. The second writing repeats the agreement that plaintiff shall keep the property insured for the benefit of defendant and pay therefor, and shall pay the taxes, water rent, and all repairs, and expenses for street work of every nature, upon said property. Both

documents bear date May 17, 1878, and are signed by both plaintiff and defendant.

Plaintiff's action is for a specific performance of the contract of sale, and for an accounting, he claiming that he had paid more money to defendant than required by his agreement. Defendant answered the complaint, denying performance of the contract by plaintiff, and cross-complained, averring nonperformance on the part of plaintiff, and prayed for general relief. Plaintiff answered the cross-complaint.

Plaintiff in his complaint alleges that he has kept all the terms of the said lease, and avers: "That on the, to wit, first day of September, A. D. 1887, it was settled, understood and agreed by and between defendant and plaintiff that all the covenants in said lease had been complied with, and that nothing remained to be paid by plaintiff to defendant but said sum mentioned in said note, viz., thirteen hundred and fifty ($1350) and interest to accrue, and the sum of two hundred dollars (200) paid out by defendant for taxes and insurance and from said last-named date all payments by plaintiff should be applied to said note and interest and said two hundred dollars.''

The court found that: "On the first day of September, 1887, it was settled, understood and agreed by and between defendant and plaintiff that the amount then owing by plaintiff to defendant, on account of said lease and agreement, was $2,800, and it was further settled, understood and agreed between them at said time that there was owing from plaintiff to defendant the sum of $200 for taxes and insurance advanced and paid by defendant, and plaintiff agreed to pay said sums, aggregating $3,000, to defendant, with interest thereon at seven per cent per annum." Upon the basis of this finding the court took an account of payments made after September 1, 1887, and as a result found there was due defendant from plaintiff $1,734.04, and gave judgment accordingly that defendant have restitution of the premises unless plaintiff pay said sum with interest at seven per cent per annum within thirty days from entry of judgment, and that if such payment be made, defendant execute a deed to plaintiff for the property.

The finding of fact as to the settlement of September 1, 1887, is challenged as not supported by the evidence, and this

presents the principal point in the case, as there is no dispute as to the payments made after that date.

The evidence relied on to support the finding is largely that given by the plaintiff himself. By the terms of the original contract plaintiff should have made seventy-two payments of $45.07 in six years, but in point of fact, according to his own testimony, he was nine years in making said payments. Upon this point the plaintiff testified: ''Between the years 1878 and 1887 I paid seventy-two installments in full, but I did not pay them in six years. I paid them within those nine years. All that remained to be paid in September, 1887, was the note and the $200 which he had paid out and which we agreed was due him for money paid out for taxes, insurance and such things.''

Upon cross-examination he testified:

''Q. You say on the 1st of September, 1887, or thereabouts, Mr. Mulcahy and you entered into an agreement that the installments due under the lease had been paid? A. Yes, sir; and it was so understood; and all that I owed at that time was the note plus $200. I made no calculations, nor did I see any calculations. Mr. Mulcahy told me the note at that time was about $2800.

''Q. You assented to that proposition? A. I didn't know any different. I made no calculations.

''Q. On or about the 1st of September, 1887, you and Mr. Mulcahy had this conversation. Mr. Mulcahy told you that you owed him $200 for taxes and that the principal and interest on the note amounted to about $2800? A. That is what he told me.''

Again he said: ''He told me at the time that the principal and interest due upon the note was about $2,800, and the amount owing for taxes, insurance and other things was about $200.''

On redirect examination plaintiff's counsel asked him: ''You were asked whether or not you assented to the proposition made by Mr. Mulcahy to you that you owed $2,800 and $200 taxes. Go on and explain.'' To which plaintiff replied: ''Well, the period for which I ought to have paid on that house, nine years, had expired. I had only done in nine years what I ought to pay in six. This agreement, a copy of which I had, I read over about that time. I saw in that

he could enter into possession and put me out of this any time. I hadn't done all that was called for. I knew the position I was in at that time, and I knew I paid him a great deal of money, and I felt no matter what he said to me at this time I had to put up with because I was in the position I could not do anything else.''

From the foregoing statement of the evidence given by plaintiff it may fairly be inferred that the parties intended to agree and did agree that on September 1, 1887, the amount that plaintiff owed on the note was $2,800, and that plaintiff agreed to pay the same, and the $200 which it is conceded that he owed for taxes and insurance paid by defendant. This inference is strengthened by the fact that plaintiff proceeded to make payments from time to time thereafter which greatly exceed the amount that he could be called upon to pay if his present contention as to the agreement of September 1, 1887, be correct. It is further strengthened by the fact that the original note of $1,350, with interest at nine per cent compounded semi-annually, would in fact have amounted to within a few dollars of $2,800 on September 1, 1887, if no interest had been paid. True, the record shows that interest for the first year ($121.50) and possibly one other year, had been paid, but as against this plaintiff had been greatly in arrears in the payments of $45.07 per month, so that defendant would have been entitled to a considerable sum for interest on deferred payments. While the evidence upon which the finding is based is not as clear and explicit as it might be, we cannot say that the finding is not supported by the evidence.

Plaintiff, upon the objection of defendant, was prevented from proving a conversation with defendant, and this appellant urges as error. The record is as follows:

''Q. After the execution of the lease and agreement, did you have any conversation with defendant regarding the theory upon which he fixed these amounts, $45.07? A. I had a conversation with him as to how it was that way.

''Q. What was that conversation?''

Defendant objected as irrelevant and immaterial, and the objection was sustained. In this we see no error. The lease and agreement of May 17, 1878, are perfectly plain and unambiguous, and any oral statement made after their execution

could not be admitted to vary or change the meaning of the written agreement. Plaintiff did not plead that the writing through mistake did not correctly set forth the contract entered into by the parties, as was suggested that he might do when the case was before the supreme court. (*Johnston* v. *Mulcahy*, 132 Cal. 606, [64 Pac. 1077].)

Appellant also urges that the judgment should have been for a foreclosure as upon a mortgage. This position is untenable. The cross-complaint sets forth a default of payments due under a contract to purchase, and the findings are in accord therewith. The decree follows the approved practice followed in this state in such cases. (*Odd Fellows' Sav. Bank* v. *Brander*, 124 Cal. 255, [56 Pac. 1109], and cases there cited.)

Appellant's motion to strike out defendant's cost-bill was made upon the ground that a *verified* memorandum of costs was not served, although a duly verified memorandum of costs was filed, and copy served, his contention being that the law requires that a duly verified memorandum of costs be filed, and that a duly verified memorandum of costs be also served, and that it is not sufficient to serve a copy of the verified memorandum filed. The record before the court, however, shows that a duly verified memorandum was both served and filed, so that the point urged by the appellant is not presented by the record.

The judgment and orders are affirmed.

Cooper, J., and Harrison, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 28, 1907.