[L. A. No. 1739. Department One.—April 5, 1907.]

## W. W. GATES, Respondent, v. G. R. GREEN et al., Appellants.

VENDOR AND VENDEE—SPECIFIC PERFORMANCE BY VENDOR—FORECLOSURE OF CHATTEL MORTGAGE SECURING PURCHASE PRICE—FORM OF JUDGMENT—TIME TO PERFORM BEFORE SALE.—In an action by a vendor in an executory contract for the sale of land, under which the vendee went into and continues in possession, to specifically enforce the contract by requiring him to pay the balance of the agreed purchase price, the foreclosure of a chattel mortgage given by the vendee as a part of the transaction to secure the payment of a promissory note evidencing the indebtedness, and the application of the

proceeds of sale to the payment thereof, may be had; and a judgment which provides for such foreclosure, and the application of the proceeds of sale of the mortgaged personal property to the payment of the indebtedness, before recourse is had to the vendee's interest in the land, or to other property owned by him, is proper, and such judgment need not allow the defendants a reasonable time before sale within which to perform their agreement and avoid a sale.

ID.—INJUSTICE OF SPECIFIC PERFORMANCE WHEN NOT SHOWN.—In such action specific performance will not be denied on the ground that it would produce hardship or injustice, where the complaint alleged and the court found upon sufficient evidence, that the defendants received an adequate consideration for the contract; that, as to them, it was just and reasonable, that their assent was not obtained by misrepresentation, concealment, or unfair practice of any party thereto, or by any promise of such party which has not been substantially fulfilled, nor given under the influence of mistake, misapprehension, or surprise, and that the plaintiff has fully and fairly performed all of the conditions of said contract upon his part.

ID.—PAYMENTS ON ACCOUNT PENDENTE LITE.—In the absence of an agreement to that effect, the acceptance by the vendor, after the action of specific performance had been commenced, of partial payments on account of the purchase price, did not operate as a waiver of his cause of action as to the balance still due.

ID.—DECISION AND JUDGMENT—ORAL STATEMENT OF JUDGE.—The correctness of a decision and judgment cannot be made dependent upon oral statements made by the court, at the conclusion of the trial, as to his intention to include certain provisions therein which were afterwards omitted.

ID.—ATTORNEYS' FEES, WHEN ALLOWABLE.—The allowance of attorneys' fees to the plaintiff in such action is proper, when authorized by express provisions in the contract and in the chattel mortgage.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. Waldo M. York, Judge.

The facts are stated in the opinion of the court.

Will D. Gould, and E. C. Oggel, for Appellant.

Flint & Barker, for Respondent.

ANGELLOTTI, J.—The defendants appeal from a judgment in favor of plaintiff and from an order denying their motion for a new trial. The action is one brought by the

vendor on an executory agreement for the sale of real estate, under which the vendee went into and continues in possession, to compel the performance of his contract by the vendee, by requiring him to pay the balance of the agreed purchase price. As a means to this end, foreclosure of a chattel mortgage given as a part of the transaction to secure the payment of a promissory note evidencing the indebtedness, and the application of the proceeds of the sale to the payment thereof, was sought, as was also a sale of the vendee's interest in the land under the contract, if necessary, and personal judgment was asked for any deficiency remaining after the application of the proceeds of sale. The trial court granted substantially this relief, finding the amount due under the contract on September 21, 1904, to be $3,310, and directing, for the payment of this amount with interest from that date at seven per cent per annum, costs, expenses, and attorney's fees,—1. The sale by the sheriff of the personal property covered by the chattel mortgage and the proper application of the proceeds; 2. If any deficiency then remained, the sale by the sheriff of the interest of the vendee in the land, and the application of the proceeds so far as necessary; and 3. Personal judgment for any deficiency remaining after such sales. It was further provided that any surplus of proceeds remaining after satisfying the claim, costs, etc., should be delivered to the vendee.

1. It is claimed by defendants that the action is one for specific performance, and, for the purposes of the decision, this may be conceded. (See *White* v. *Sage,* 149 Cal. 613, [87 Pac. 193].) It is not contended that the complaint fails to state a cause of action in this behalf, or that the facts found by the court do not entitle plaintiff to have what is practically a decree of specific performance, unless the existence of the chattel mortgage given as security for the balance of the purchase price precludes any such action until separate and independent proceedings shall have first been had upon the chattel mortgage, and the security thereby afforded exhausted. This appears to be the main contention of plaintiff on this appeal. It may be conceded that the vendee was entitled to have the security afforded by the mortgage exhausted, before resort was had to his interest in the land. and this is fully accomplished by the judgment, which directs the sale of the

land only in the event that the sale of the personal property does not bring enough to satisfy the claim. We can see no other merit in defendants' claim. The existence of the mortgage in no degree affected the right of the vendee to specific performance. It was purely ancillary to the contract of sale, standing simply as security for the performance of his contract by the vendee. In an action to compel such performance, it was entirely proper, and probably incumbent on the vendor, to have a foreclosure of this mortgage before resorting to the vendee's interest in the land or other property owned by him. This, as we have seen, was had, and we are unable to understand the contention of defendants' counsel to the contrary.

2. It is claimed that in ascertaining the amount due, the trial court failed to credit certain amounts paid by the vendee. A careful examination of the record in this regard shows that the evidence was entirely sufficient to sustain the conclusion as to the amount remaining due from the vendee.

3. It is urged that specific performance will not be decreed where it would produce hardship or injustice, but we see no place herein for the application of this rule. It was both alleged and found upon sufficient evidence that the defendants received an adequate consideration for the contract; that, as to them, it was just and reasonable; that their assent was not obtained by misrepresentation, concealment, or unfair practice of any party thereto, or by any promise of such party which has not been substantially fulfilled, nor given under the influence of mistake, misapprehension, or surprise, and that plaintiff has fully and fairly performed all of the conditions of said contract upon his part.

4. After the commencement of this action, the vendee made certain payments on account of the amount due, all of which were duly credited and taken into consideration in determining the balance due at the time of judgment. It is claimed that the acceptance of these payments operated as a waiver of the cause of action. It was alleged in the amended answer that these payments were made in part satisfaction, and the trial court found, upon sufficient evidence, that they were accepted by plaintiff without any agreement to waive his cause of action. In the absence of some agreement to that effect, the acceptance of these partial

payments by plaintiff cannot be held to have constituted a waiver of any of his rights as to the balance still due.

5. Citing *Keller* v. *Lewis*, 53 Cal. 113, and *Odd Fellows Sav. Bank* v. *Brander*, 124 Cal. 255, [56 Pac. 1109], defendants claim that the judgment is erroneous in that it did not allow a reasonable time before sale within which they might perform their agreement and avoid a sale. Those, and other cases of like character to be found in our reports, were cases where it was sought simply to obtain a decree barring and foreclosing the right of the vendee to obtain a conveyance under his contract, no sale of the premises being sought or directed. In such cases, it is settled by our decisions that the judgment should fix a reasonable time within which the vendee may pay the balance due on the contract, before he is forever foreclosed of all right or interest in the lands, or to a conveyance thereof. (*Keller* v. *Lewis*, 53 Cal. 113.) No reason for the application of any such rule is apparent in a case where the vendor is simply seeking to recover the money due under the contract, and in aid thereof obtains a judgment for a sale of the property upon which he has a lien for the unpaid purchase money. No case has been cited which holds this rule applicable under such circumstances, and we know of no principle that would justify its application.

6. At the conclusion of the trial, the trial court orally announced that it would make certain provisions in its decision and judgment thereafter to be given, and complaint is made that the court failed to insert such provisions in the written decision and judgment subsequently given. Obviously, the correctness of such decision and judgment can in no degree be made to depend upon such oral statements by the court as to its intention.

7. The allowance of attorneys' fees was fully authorized by the express provisions relative thereto contained in the contract and in the chattel mortgage.

The judgment and order are affirmed.

Shaw, J., and Sloss, J., concurred.