[Civ. No. 2494. First Appellate District, Division One.—January 24, 1919.]

## M. F. MULCAHY, Respondent, v. A. G. GAGLIARDO, Appellant.

VENDOR AND VENDEE — PROCUREMENT OF LOAN FOR PURCHASER — REAL ESTATE BROKER'S AUTHORITY—IMPLIED AGREEMENT AS TO TITLE. Where a vendee, who had contracted to purchase real property, had, in order to finance the purchase, authorized the brokers of the vendor, through whom he made the purchase, to procure a loan for him, on the security of the purchased property and other property then owned as community property of himself and his wife, his authorization to the brokers to procure such loan, carried with it the necessary implication that he would furnish as to both properties a good and merchantable title for the purposes of such loan.

ID.—AGREEMENT TO PROCURE LOAN—PERFORMANCE.—In such case the agreement of the brokers to procure such loan for the vendee was performed when they had found a *bona fide* lender ready and willing and able to consummate the loan upon such sufficient title as the vendee had at the date of the agreement both as far as they were concerned, and also as far as their principal, the vendor, was concerned, although the transaction was not consummated because the vendee's wife caused a homestead to be declared on the community property, which was to be given as part of the security for the loan, and refused to execute the papers necessary to consummate the loan.

ID.—BREACH OF AGREEMENT — VENDEE'S LIABILITY.—In such case the failure to consummate the purchase was a breach of the agreement by the vendee, from which the legal consequences of a vendee's breach of an agreement for the purchase of real estate must flow.

ID.—PROMISSORY NOTE ON ACCOUNT OF PURCHASE PRICE—RIGHT OF VENDOR TO RETAIN.—Where the vendee in such case had executed to the vendor a promissory note in lieu of a deposit in cash on account of the purchase price, the vendor had the same right to retain to his own use the promissory note as he would have had to retain the cash deposit, especially as it was expressly stipulated in the agreement that in the event of the vendee's "failure to comply therewith," the vendee should "forfeit the deposit herein paid."

ID.—CONSIDERATION FOR PROMISSORY NOTE.—The contention of the vendee, in such case, that the note was without consideration, and therefore void, is without merit, since the agreement itself and the detriment thereby suffered by the vendor through the prevention of making a sale of his land to another during the life of said agreement, would constitute a sufficient consideration for the note.

APPEAL from a judgment of the Superior Court of Santa Clara County.   J. R. Welch, Judge.   Affirmed.

The facts are stated in the opinion of the court.

E. M. Rea and A. A. Caldwell for Appellant.

C. D. Cavallaro for Respondent.

RICHARDS, J.—This action was brought to recover judgment upon a promissory note for the sum of one thousand dollars, and interest, payable one day after date, executed by the defendant to Rancadore & Cavala, a firm of real estate agents, and assigned by them to the plaintiff for collection.

The stipulated record on appeal embraces the pleadings, the findings, the minute orders, the judgment and the notice of appeal.   The facts of the case, as found by the court, are briefly these: One F. S. Gomes was on May 3, 1917, and thereafter, the owner of a tract of orchard land in the county of Santa Clara containing 19⅛ acres.   On that date, the defendant, A. G. Gagliardo, entered into a written agreement with said Gomes, through the agents of the latter, Rancadore & Cavala, for the purchase by Gagliardo of Gomes' tract of land for the sum of seventeen thousand dollars, of which sum he was to pay one thousand dollars as a cash deposit and part

payment upon the purchase price. In lieu of making said agreed payment Gagliardo gave to said Rancadore & Cavala, as the agents of Gomes, the promissory note for one thousand dollars, which forms the basis of this action. The balance of the purchase price was by the terms of said agreement to be secured and paid to Gomes in the following manner: Rancadore & Cavala were, within a reasonable time, to secure a loan for Gagliardo in the sum of twenty-one thousand five hundred dollars, which the latter was to secure by a mortgage or deed of trust upon the Gomes tract presently to be conveyed to him, and also upon a tract of land then owned by him containing 20 acres of land. Within a reasonable time thereafter, the firm of Rancadore & Cavala found and produced a person ready and willing and able to make said loan upon the security of these two tracts of land. The title to the Gomes tract was good and sufficient for said transfer and loan. As to the title to the Gagliardo tract, however, the following difficulty arose: Gagliardo's said land was the community property of himself and wife. The latter objected to encumbering it, and in order to make good her objection caused a homestead to be placed upon the property after the date of Gagliardo's agreement with Gomes, and thereupon refused to execute the papers necessary to consummate said loan. As a consequence, Gagliardo was unable to carry out his agreement with Gomes for the purchase of the latter's property, and the transaction through his failure fell through. Thereafter Gomes assigned to Rancadore & Cavala his interest in said note, and they thereupon transferred the said note to the plaintiff for collection.

The defendant's answer set forth substantially the foregoing facts, and averred that said note was without consideration, and that the same became void upon the alleged failure of the firm of Rancadore & Cavala to actually consummate the agreed loan upon the Gomes property and upon such title to his own property as he had to offer. The finding of the trial court was against the defendant upon both of these contentions, and was in favor of the plaintiff for the recovery of the full sum due upon the face of said promissory note. From the judgment entered thereon the defendant prosecutes this appeal.

We are unable to agree with the appellant's contention as to the construction to be placed upon his agreement with

Gomes and with the firm of real estate agents in respect to the loan to be secured for him upon the two properties. His authorization to the said firm of real estate agents to secure for him such a loan carried with it the necessary implication that he would furnish as to both properties a good and merchantable title for the purposes of such loan. He had, at the time he entered into the agreement, such title. All that the firm of real estate agents had to do, therefore, under said agreement was to secure and produce a *bona fide* lender ready and willing and able to consummate said loan upon such sufficient title as the said Gagliardo had at the date of said agreement. (*Smith* v. *Schiele,* 93 Cal. 144, [28 Pac. 857]; *Merriman* v. *Wickersham,* 141 Cal. 570, [75 Pac. 180].) This they did, and in so doing, so far as they were concerned, and also so far as their principal, Gomes, was concerned, the agreement on their part and on his part was fulfilled. The failure of the defendant to keep his part of said agreement, if not his fault, was at least his misfortune in not being able to have the title to his tract of land remain good and merchantable for the purposes of the loan. The breach of the agreement was, therefore, his breach, from which the legal consequences of a vendee's breach of an agreement for the purchase of real estate must flow. Had the defendant, Gagliardo, deposited with Gomes, or with his agents for him, the sum of one thousand dollars in cash, as the written agreement apparently contemplated, his vendor, upon Gagliardo's breach of said agreement, would have had the right to retain to his own use said deposit, under the rule laid down in the leading case of *Glock* v. *Howard Co.,* 123 Cal. 1, [69 Am. St. Rep. 17, 43 L. R. A. 199, 55 Pac. 713], and the later decisions of the supreme court and of this court, adopting and approving said rule. (*Odd Fellows' Savings Bank* v. *Brander,* 124 Cal. 255, [56 Pac. 1109]; *Skookum Oil Co.* v. *Thomas,* 162 Cal. 539, [123 Pac. 363]; *Champion etc. Co.* v. *Champion,* 164 Cal. 205, [128 Pac. 315]; *Cross* v. *Mayo,* 167 Cal. 594, [140 Pac. 283]; *Poheim* v. *Meyers,* 9 Cal. App. 31, [98 Pac. 65].) It follows, logically, that the vendor would have the same right to retain to his own use the promissory note which his vendee, Gagliardo, had deposited in lieu of cash on account of the purchase price of Gomes' land. In this connection it may be noted that Gagliardo, by said agreement, expressly stipulated, "in the event of his failure to comply therewith, to forfeit the

deposit herein paid.'' This being the effect and express terms of his agreement and of the breach thereof by him, he cannot now be heard to complain of the effort of Gomes or his transferees to enforce the obligation of his promissory note, to the full benefit of which Gomes became entitled upon his failure to keep his agreement for the purchase of Gomes' land.

The final contention of the appellant that the note was without consideration, and, therefore, void, is without merit, since the agreement itself and the detriment thereby suffered by Gomes, through the prevention from making a sale of his lands to another during the life of said agreement, would constitute a sufficient consideration for the note.

Judgment affirmed.

Waste, P. J., and Kerrigan, J., concurred.