(No. 6102.   July 3, 1934.)

CHARLES S. COOK, CLIEVE SPAULDING and D. A. SPAULDING, Respondents, v. S. E. HARTMAN and MARY HARTMAN, Appellants.

[34 Pac. (2d) 973.]

T. W. Smith and C. W. Poole, for Appellants.

W. A. Ricks, for Respondents.

HOLDEN, J.—January 5, 1931, appellants and respondents entered into a written executory contract whereby appellants agreed to sell and respondents agreed to purchase, for the sum of $2,935, certain real and personal property located at Rexburg, Idaho. The material terms of the contract are as follows:

" . . . . That for and in consideration of the covenants and agreements hereinafter mentioned, to be kept and performed by the parties herein, and of the payments made and to be made on the part of the parties of the second, the parties of the first part do by these presents bargain, sell and transfer unto the parties of the second part all that certain part and parcel of land . . . .

"ALSO, all of the merchandise, furniture, fixtures and business known as 'Hartman's Grocery' or 'Hartman's Cash Store.'

.    .    .    .    .    .    .    .    .    .    .

"That the amount agreed upon as the purchase price thereof, and which is to be paid for by the parties of the second part, respectively, is as follows, to wit:

|  |  |
|---|---|
| "Land, and the improvements, | $2000.00 |
| "Merchandise, inventoried | 575.00 |
| "Furniture, fixtures and equipment | 360.00 |

.    .    .    .    .    .    .    .    .    .    .

"That in payment therefor, the parties of the second part agree to pay the sum of Twenty-nine hundred and thirty-five 00–100 dollars, in lawful money of the United States of America, as follows, to wit:

"$50.00 cash, upon the execution of the agreement,

"$1000.00 note, signed by the parties of the second part and D. A. Spaulding, payable to the order of Mary Hartman, due in two years from date, with interest thereon at the rate of 8% per annum, payable annually.

"$1885.00 with interest thereon at the rate of 8% per annum, payable in installments of $50.00 monthly, commencing on the first day of February, 1931, and on the first day of each and every month thereafter, in like amount . . . .

"The parties of the first part agree to execute a good and sufficient warranty deed to the real property herein described . . . . said warranty deed to be placed in escrow in the Rexburg State Bank, Rexburg, Idaho, there to remain until the purchase price herein mentioned and the interest thereon shall have been fully paid, and upon the completion thereof said warranty deed shall be delivered to the parties of the second part by the said bank, provided, however, that in case the said parties of the second part shall fail to make the payments as herein specified, any or all of them, then at the option of the parties of the first part, they may draw down said warranty deed, and upon giving 60 days notice to the parties of the second part of their intention so to do, may re-enter said premises and take the possession thereof, and all payments made thereunder shall be forfeited as liquidated damages."

January 5, 1931, pursuant to the terms of said contract, respondents and D. A. Spaulding executed and delivered to appellant Mary Hartman their promissory note for the sum of $1,000, due in two years from date, and drawing interest at the rate of eight per cent per annum, payable annually.

Possession of the real property, furniture and fixtures, as well as certain merchandise inventoried at $575, mentioned in and covered by the contract, was delivered by appellants to respondents. Thereafter respondents paid eight of the

deferred $50 instalments of the purchase price, but defaulted in the payment of the October, November and December, 1931, instalments. The merchandise was attached December 19, 1931, and the attaching creditor was paid, whether in merchandise or money, is not clear from the evidence. December 22, 1931, another attachment was levied on the merchandise, with the result that respondents were compelled to and did quit business.

Thereafter, and on or about the first day of January, 1932, appellants canceled the contract, took possession of the property and entered into a written executory contract whereby appellants agreed to sell and one Gene Keller agreed to purchase the identical real property, and, with the exception of a bread case and ice-box, the same furniture and fixtures covered by the contract between appellants and respondents.

November 29, 1932, respondents commenced this suit to compel appellants to surrender the said promissory note for cancelation. Respondents, among other things, pleaded the said Cook-Hartman executory contract, alleged that respondents failed to pay the October, November and December, 1931, instalments of the purchase price and that appellants had declared a forfeiture of such contract and taken possession of the premises and personal property and sold the same to a third party. Appellants answered and, among other things, admitted the execution and delivery of the contract so pleaded by respondents, as well as the said note for $1,000, and denied that they had declared a forfeiture of the contract, and also denied that they had taken possession of the personal property, and alleged in effect that said note was a down payment on the purchase price. Appellants also filed a cross-complaint seeking to recover on said note. The case was tried to the court sitting without a jury. The court found in favor of respondents and judgment was accordingly entered for the surrender·and cancelation of the note, from which an appeal was taken to this court.

It is contended by appellants that the court erred in its conclusion of law that the promissory note given pursuant to the terms of the contract evidenced a deferred instalment

of the purchase price. The determination of that question depends upon a construction of the contract.

The purchase price was agreed upon and fixed at $2,935, payable as follows: "$50.00 cash, upon the execution of the agreement, $1000.00 note, signed by the parties of the second part (respondents) and D. A. Spaulding, payable to the order of Mary Hartman, due in two years from date with interest thereon at the rate of 8% per annum, payable annually. $1885.00 with interest thereon at the rate of 8% per annum, payable in installments of $50.00 monthly, commencing on the first day of February, 1931, and on the first day of each and every month thereafter, in like amount . . . . ''

It appears therefrom, then, that the item of $50, and also the note of $1,000, were subtracted from $2,935, the purchase price, which left a balance of $1,885, and that that balance, with interest, was to be paid on the first of each month in instalments of $50 each; in other words, it appears that, by the process of subtraction, the total indebtedness, to wit, $2,935, was reduced from $2,935 to $1,885, and provision made for the payment of the amount of the remaining indebtedness in monthly instalments. Further than that, D. A. Spaulding, a stranger to the contract, was required to sign the note. There would be no purpose in requiring that signature, other than that the note was both given and accepted as a cash down payment on the total indebtedness, and, therefore, evidencing an indebtedness independent of the contract for the purchase of the land, thus bringing that transaction within the rule announced in *Hinsch v. Mothorn*, 44 Ida. 539, 258 Pac. 540. (See, also, *Mulcahy v. Gagliardo*, 39 Cal. App. 458, 179 Pac. 445; *Thompson v. Killheffer*, 98 N. J. L. 359, 119 Atl. 770.)

Judgment reversed and cause remanded for further proceedings consistent with the views herein expressed. Costs awarded to appellants.·

Budge, C. J., and Givens, Morgan and Wernette, JJ., concur.