### CAREN v. LIEBOVITZ.

(Supreme Court, Appellate Division, Second Department. June 15, 1906.)

1. BILLS AND NOTES—FAILURE OF CONSIDERATION.

Where a check was given by defendant to plaintiff on the purchase price of land under a written agreement by plaintiff to convey such land, and containing a provision for the making of the contract next day, the fact that plaintiff refused next day to sign a contract in accordance with the terms of the first contract, but insisted on inserting therein certain restricting covenants, did not defeat the consideration for the check, and was no defense to an action thereon.

2. VENDOR AND PURCHASER—WRITTEN CONTRACTS—EXECUTION BY VENDEE—NECESSITY.

Where a contract for the sale of land is signed by the vendor, and satisfies the provisions of the statute of frauds, the fact that the purchaser has not signed it does not detract from its effect against the vendor.

[Ed. Note.—For cases in point, see vol. 48, Cent. Dig. Vendor and Purchaser, § 28.]

Miller, J., dissenting.

Appeal from Municipal Court of New York.

Action by Nellie P. Caren against Samuel Liebovitz. Judgment for plaintiff, and defendant appeals. Affirmed.

The action was on a check for $200 given by the defendant to the plaintiff on the purchase price of a piece of real estate. The plaintiff agreed in writing to convey to the defendant's brother the real estate, and the check was given at the same time. The writing satisfied all the requirements of the statute of frauds to bind the plaintiff (the seller), but was not signed by the buyer. It

contained a provision for the making of a contract next day. The defendant sought to show as a defense which was pleaded that the plaintiff refused to sign a contract next day, in accordance with the terms of the first contract, but insisted on putting thereon a restricting covenant against specified occupations and against building contained in the conveyance to her. The trial judge excluded the said conveyance and much of the evidence that would have gone to establish the facts constituting the said defense.

Argued before HIRSCHBERG, P. J., and WOODWARD, GAYNOR, RICH, and MILLER, JJ.

Jacob R. Schiff, for appellant.

Lynn C. Norris, for respondent.

GAYNOR, J. It is not necessary to inquire into the disputed question whether the covenants the plaintiff wanted to put in the second contract would have been incumbrances on the property. The refusal of the plaintiff to make the second contract the same in its terms as the first did not defeat the consideration for the check. It was given for a good consideration, viz., the first contract, and that remains and can be enforced. The plaintiff is just as much bound by the contract as it was first drawn as she would be if it were drawn over and signed again. It satisfies the provisions of the statute of frauds, and is complete against her. That the purchaser has not signed it does not detract from its effect against her.

The judgment should be affirmed.

Judgment of the Municipal Court affirmed. All concur, except MILLER, J., who dissents, on the ground that the plaintiff herself refused to perform the contract.