## HEBREW PUB. CO. v. REIBSTEIN.

(Supreme Court, Appellate Division, Second Department.   May 8, 1908.)

VENDOR AND PURCHASER—CONTRACTS—BREACH—RESCISSION BY PURCHASER.
  Where parties executed a written memorandum of sale of land at the time a part payment of the purchase price was made, which was sufficient to satisfy the statute of frauds, but did not purport to express the entire contract, which the parties agreed should be put in writing at a subsequent date, and the vendor refused to execute the entire contract as agreed, the purchaser could treat the refusal as a breach, and could rescind the contract and recover the payment made.
  Gaynor, J., dissenting.

Appeal from Trial Term, Kings County.

Action by the Hebrew Publishing Company against Emil Reibstein. From a judgment for plaintiff and an order denying a new trial, defendant appeals.   Affirmed.

Argued before WOODWARD, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Jacob Manheim (Harry A. Gordon, on the brief), for appellant.
Harry Zirn, for respondent.

MILLER, J.   This is an appeal from a judgment entered on the verdict of a jury in an action brought by the plaintiff to recover a part payment made on account of the purchase price of certain premises.   It appeared that a memorandum of sale was signed by the parties at the time said payment was made.   As the defendant expressed it, said memorandum was intended as a "binder."   It did not contain all of the terms of the agreement, and it shows upon its face that the parties had agreed to express their contract in a more formal writing at a subsequent time when another payment was to be made.   On the day fixed for executing the formal contract the parties met, and, according to the plaintiff's evidence, the defendant refused to execute it unless it contained a provision for a restrictive covenant, and unless it provided that the mortgage subject to which the property was sold was to run about 4½ years instead of about 5 years as the original memorandum had provided, whereupon the plaintiff tendered to the defendant the payment which was to be made on that day, and demanded a contract in accordance with the terms of the original agreement, which the defendant refused to give.   The defendant's version of that transaction was that the contract prepared by him was changed to meet the plaintiff's objections, and that the latter then refused to execute the contract, assigning as a reason therefor the provision in it that the premises should be conveyed subject to an unexpired lease of a portion of the premises.   There was nothing in the original memorandum in reference to said lease, but the undisputed evidence of the defendant tends to show that, when said memorandum was signed, the plaintiff was informed of said lease and of the time which it had to run, and consented to take the premises subject thereto.

In so far as the verdict rests upon disputed questions of fact, it cannot be said to be against the weight of the evidence; but the de-

fendant insists, upon the authority of Caren v. Liebovitz, 113 App. Div. 674, 99 N. Y. Supp. 952, that, as the plaintiff had a writing which satisfied the statute of frauds, it could bring an action for specific performance of the contract evidenced thereby, but cannot recover the payment made, even though the defendant refused to execute the formal contract contemplated by the parties. That case is distinguishable from this by the fact that the signed memorandum in this case showe. upon its face that a more formal writing was to be prepared, thus indicating, what is undisputed, that the memorandum did not express the entire agreement. It was silent as to the lease subject to which the premises were to be conveyed, and as to other terms expressed in the writing prepared by the defendant which were assumed to have been agreed upon. The signed memorandum was not the contract, even if it was sufficient on its face to satisfy a rule of evidence. It did not express or purport to express the entire contract. The parties agreed that this should be put in writing on December 1, 1905. The jury has found that the defendant refused to do that, and the plaintiff should have the right to treat such refusal as a breach, to rescind, and to recover the payment made. The question is not whether there was a good consideration for such payment, or whether it has failed, but whether the refusal of one party to perform according to the terms of the agreement gives the other the right of election between performance and rescission. The defendant's breach was unequivocal. It begs the question to say that a writing expressing the entire contract was either useless or immaterial. The parties deemed such a writing important, and the refusal of the defendant to do what he agreed to do in the way of executing such contract was as unequivocal as though he had declared that he would not execute a deed which did not contain the provisions that he desired to incorporate into the contract. Such a declaration would have excused tender and demand by the plaintiff on the deed day. Having refused to perform according to the terms of the contract (and the contract must not be confused with said signed memorandum), the defendant cannot now be heard to say that he would have given a deed had a tender and demand been made on the deed day. The defendant's position may be thus stated: The plaintiff has a signed memorandum on its face sufficient to satisfy the statute of frauds, but not expressing the entire contract. The refusal of the defendant to put the contract in writing was immaterial, for the plaintiff could bring an action to compel specific performance of the contract so far as it was evidenced by the signed memorandum. In that action the plaintiff could not get the title described by said memorandum, for the defendant can only convey subject to a lease, but that is immaterial, for the plaintiff is willing to take subject to the lease. In other words, the defendant would limit the plaintiff to the signed memorandum, while asserting his own right to stand on the actual contract, which he agreed, but refused, to put in writing. I do not think a party should be permitted to assume such an attitude.

The judgment and order should be affirmed, with costs. All concur, except GAYNOR, J., who dissents.

GAYNOR, J. (dissenting).   The parties entered into a contract
in writing as follows, the plaintiff paying $500 on account, viz.:

New York, November 29/05.

Memorandum of sale of House and lot and improvements thereon of No.
100 E. Broadway.

Size of lot 25 x 65 more or less.

1st Mortgage $30,000.00 at 4% for about 5 five years.

2nd Mortgage to be taken by the party of the first part for $14,000.00 at
6% for the term of (6) six years payable $1,000.00 one thousand dollars every
6 months or more and the usual subordination clause to be mentioned.

Deposit this day $500.00 receipt of which is hereby acknowledged and ad-
ditional sums of deposit to be paid by the party of the 2nd part of $1,500.00
on day of contract, Friday Dec. 1, 1905, at the office of Manheim and Man-
heim 302 Bway at 11 a. m.

Balance of Ten thousand dollars $10,000.00 at day of closing title March
1st, 1906.

Purchase price of said property is $56,000.00 party of the first part is to
have the privilege to remain in the 3 three upper floors of said building to
May 1st, 1906, for the sum of 250.00 Two hundred and fifty dollars.

Emil Reibstein,

Party of the First Part or Seller.

Hebrew Publishing Co.,

H. Dogin, Vice Pres.

M. Chinsky, Treas.

S. Werbelowsky, Secty.

Party of the Second Part or Purchasers.

This is a complete contract.   It fully describes the lot to be sold,
the incumbrances on the property subject to which it is to be con-
veyed, the purchase price and how it is to be paid, and appoints
a day for the deed to be delivered and the balance of the purchase
money paid.   The only obscure thing in it and which makes it
different to an ordinary contract for the sale of real estate is the
clause that an additional sum of $1,500 is to be paid by the pur-
chaser "on day of contract, Friday Dec. 1, 1905."   This loose
phrase is interpreted by the plaintiff to mean that a contract the·
same in its provisions and substance as the one already signed
and delivered, but more formal, should be signed on that day.
There was no provision in the contract for a different contract.
It would be entirely vain to make the same contract over again.
For the defendant to refuse to sign a new contract would therefore
not be a breach of the contract to convey.   To make the contract
over again would be useless, and to refuse to do so would be harm-
less.   The provision for a new paper being useless and immaterial,
a breach of it would be immaterial.   The defendant could make
himself liable to an action for the $500 already paid to him only
by refusing to convey as required, and that he never did.   The
statement in the majority opinion that the contract made was not
complete, but the parties intended or agreed that other things
should be put in the new draft, is not correct, it seems to me.
No oral evidence to change the contract was admissible.   It was
on its face complete in itself.   This was not an action to reform
it and as matter of fact, the parties had not agreed that any ad-
ditional things should be put in the new draft. ·

When the parties met on December 1st the defendant prepared

a contract which contained conditions in addition to those contained in the existing contract, viz., (1) that the land should be taken subject to any nuisance clause in prior deeds, (2) that the mortgage on the property was to run "about" 4½ years, instead of "about" five years as stated in the existing contract, and (3) that there was a tax clause in such mortgage. The plaintiff refused to sign it unless it was made to conform to the existing contract. Unless there was something substantial in the first, the changes were rather trivial. No new contract being tendered by the defendant the plaintiff demanded back the $500 which he had already paid, and brought this action therefor.

The complaint does not allege any breach except the refusal to make the new contract, there is evidence of no other breach, and the defendant avowed on the trial that he had all the while been and was ready to make the conveyance under the contract agreed to by the plaintiff. The plaintiff never demanded a conveyance, or attended on the deed day to get a conveyance. The Trial Judge in his charge allowed a recovery against the defendant for refusing to make a new contract the same as the original one. The question of refusal to convey did not enter into the case at all.

There was no motion to dismiss or to direct a verdict for the defendant, but the question of no evidence to support the verdict comes up on the appeal from the order denying the motion on the minutes to set aside the verdict and for a new trial.

The judgment and order should be reversed.