## PAYSON THOMPSON, RESPONDENT, v. ELVIN M. KILL-HEFFER, APPELLANT.

Argued December 8, 1923—Decided May 19, 1924.

1. Plaintiff owned a farm and placed it in the hands of a real estate agent to sell. The agent negotiated with defendant for the sale of the farm, and the latter deposited his check with the agent, who gave him a receipt setting forth that the payment was to apply on the purchase of the farm, and naming the purchase price, and that half thereof was to be paid in cash and the balance by a mortgage. No written contract of sale was entered into by the proposed purchaser and the owner, although such a contract was clearly contemplated by the agent and the defendant. Defendant decided not to purchase the farm, and stopped payment of the check. *Held*, that the defendant was legally justified in stopping payment of the check as no valid contract of sale between the parties existed.

2. A real estate agent, employed by the owner to sell land, has no authority, by virtue of his employment, to enter into a binding contract for the sale of such land.

On appeal from the Supreme Court, whose opinion is reported in 98 *N. J. L.* 359.

For the appellant, *Ward & McGinnis.*

For the respondent, *Jacob W. De Yoe* and *Edgar A. De Yoe.*

The opinion of the court was delivered by

KALISCH, J. The plaintiff-respondent, Payson Thompson, sued the defendant-appellant in the Paterson District Court to recover the amount of $500 alleged to be due on a check

given and made payable by the defendant, Killheffer, to Alfred Hall Realty Corporation or its order, which check by endorsement of the realty corporation came into the hands of the plaintiff.

The case was tried by the court, sitting without a jury, and resulted in a judgment for defendant. From this judgment the plaintiff, Thompson, appealed to the Supreme Court, which tribunal reversed the judgment of the District Court and gave judgment in his favor, and from this judgment the defendant has appealed to this court.

The undisputed facts of this case disclose that the plaintiff, Thompson, who owned a farm, consisting of eighty acres, more or less, at Suffern, in the State of New York, was desirous to sell the same and placed it for the purpose mentioned in the hands of Alfred Hall who was president of the Alfred Hall Realty Corporation. Near the end of the month of May, Hall negotiated with the defendant for the sale of the property to the latter and as a result the defendant deposited his check with Hall, to be applied to the purchase price, and received a receipt from the latter, as follows:

"May 29th, 1920.

Received as a deposit from Dr. Elvin H. Killheffer five hundred dollars ($500) to apply on purchase price of the Payson Thompson farm at or near Ladentown, Haverstraw road, consisting of eighty acres more or less including furniture owned by Mr. Thompson. Also all farming tools, etc. Purchase price fifteen thousand dollars ($15,000), half cash, mortgage for $7,500 for five years at six per cent., with privilege to pay off $500 or more on an interest day.

ALFRED HALL, *Pres.*

ALFRED HALL REALTY CORP.

Authorized agents for owner."

There never was any written contract entered into between the parties for the sale of the land. This is made clear by Mr. Hall, who testified, as follows: "He," the defendant, "never had a contract." "He said to me, 'I am in such a

hurry, Mr. Hall, just give me a receipt and we'll talk about the contract later on.'" Thus it is manifest from this testimony that no contract was entered into for the sale of the property, legally binding upon either Thompson, the owner thereof, or upon the defendant, Killheffer, the maker of the check. But even if a written contract had been entered into between the defendant and Mr. Hall, the latter assuming to act as the agent of the owner, it would have been invalid, for it is well settled by the decisions of the courts of this state that a real estate agent employed to sell has no authority, as such agent, by virtue of his employment, to enter into a binding contract for the sale. *Milne* v. *Kleb,* 44 *N. J. Eq.* 378; *Marsh* v. *Buchan,* 46 *Id.* 595 (at *p.* 600).

In the present case the negotiations were never concluded. On the day after having deposited the check and taken receipt therefor, the defendant notified Mr. Hall, by wire, that he could not take the farm, at present, and on the succeeding day wrote a letter confirming the communication made over the wire.

We think in the posture of affairs, as above recited, the defendant was legally warranted in stopping payment of the check.

The Supreme Court, in reaching its conclusion that the plaintiff was entitled to recover, proceeded upon the theory that the contract between the parties was a valid contract of sale and was enforceable, for it cites *Steinbach* v. *Pettingill,* 67 *N. J. L.* 36, in support of the result reached. An examination of the facts of the cited case makes it obvious that those facts essentially differentiate it from the conceded facts in the case *sub judice,* in that in the Pettingill case the contract which gave rise to the controversy was valid and enforceable, whereas in the present case, even assuming that there was a contract of sale contemplated by Hall and the defendant, it was not a valid and enforceable contract of sale between the plaintiff and defendant.

These views lead to a reversal of the judgment of the Supreme Court, and an affirmance of the judgment of the District Court, with costs.

*For affirmance*—None.

*For reversal*—THE CHIEF JUSTICE, TRENCHARD, KALISCH, BLACK, KATZENBACH, CAMPBELL, WHITE, GARDNER, VAN BUSKIRK, CLARK, JJ.   10.