SUPREME HOUSING CORPORATION, Respondent, *v.* HARRY SCHREIBER, Appellant.

*Supreme Court, Appellate Term, Second Department, October 31, 1924.*

**Vendor and purchaser — action for part of purchase price — vendor, on default of purchaser, sold property — said sale constituted election to hold purchaser for damages for breach of contract of sale — vendor not entitled to part of purchase price.**

A judgment for the vendor, in an action for a part of the purchase price under a contract for the conveyance of real property, should be reversed, where it appears that said vendor, on default of the purchaser, sold the property, since said sale constituted an election by the vendor to hold the purchaser for damages for breach of the contract of sale. The fact that the purchaser had repudiated the contract relieved the vendor from making tender, but in order to recover the whole purchase price or any installment thereof, the vendor had to be in a position to convey the property.

APPEAL from a judgment of the Municipal Court, Borough of Brooklyn, First District.

*Thomas F. Thornton,* for the appellant.

*David Diamond,* for the respondent.

PER CURIAM:

Judgment unanimously reversed on the law, with thirty dollars costs to the appellant, and complaint dismissed, with appropriate costs in the court below, without prejudice to an action for damages.

The plaintiff waited until it had disposed of the property before this suit was commenced on the check. The check was but a substitute for a cash payment provided in the contract. (*Divine v. Divine,* 58 Barb. 264.) By waiting until the full purchase price was due under the terms of the contract, before plaintiff could recover the whole purchase price, or any installment thereof, plaintiff had to be in a position to convey the property. (*Beecher v. Conradt,* 13 N. Y. 108; *Hoag v. Parr,* 13 Hun, 95; *Ewing v. Wightman,* 167 N. Y. 107; *Gorham v. Reeves,* 3 Ind. 83.)

No tender was necessary, since the defendant had repudiated the contract, but the ability to perform was necessary. (*Eddy v. Davis,* 116 N. Y. 247.) On the delivery date set by the contract, the plaintiff had the ability to perform and could have then sued for the entire purchase price. Had it done so, it would have impliedly held itself ready to tender the deed upon payment of that price. Plaintiff, however, did not sue for the entire purchase price, but sold the property. By that act the plaintiff manifested an election to hold the defendant for damages for the breach of the contract. It could not then sue for a part of the purchase price. Its remedy was an action to recover the difference between the contract price and the market value of the property at the time of the breach.

Present: CROPSEY, LAZANSKY and MACCRATE, JJ.