SARAH L. PALMER, Respondent, *v.* MARY A. GOLDEN, Appellant.

Third Department, July 1, 1927.

**Vendor and purchaser — action by vendor to recover on check given as down payment — purchaser stopped payment and repudiated contract — no ground for repudiation — vendor not limited to specific performance or action for damages — vendor may recover on check.**

A vendor of real property may sue and recover on a check given as a down payment, and is not limited, upon the repudiation of the contract by the vendee, to an action for specific performance or to recover damages for breach of the contract.

Accordingly, the plaintiff is entitled to recover on the check which the defendant gave as a down payment, payment on which was stopped by the defendant.

The defenses that the defendant was mentally irresponsible at the time she signed the agreement, that the contract was void under the Statute of Frauds, and that there was a failure of consideration are not supported by the evidence.

Tender of the deed by the plaintiff was not necessary since the defendant repudiated the contract.

DAVIS, J., dissents.

APPEAL by the defendant, Mary A. Golden, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Saratoga on the 6th day of August, 1926, upon the verdict of a jury rendered by direction of the court.

*Robert W. Fisher*, for the appellant.

*Beecher S. Clother* and *Spencer B. Eddy*, for the respondent.

Judgment affirmed, with costs, on the opinion of HEFFERNAN, J., at the Trial Term.

COCHRANE, P. J., VAN KIRK, HINMAN and WHITMYER, JJ., concur; DAVIS, J., dissents on the ground that the action in effect is to recover for an installment due on an executory contract for the sale of real property. The plaintiff has mistaken her remedy. (See *Schmaltz* v. *Weed*, 27 App. Div. 309; *Bensinger* v. *Erhardt*, 74 id. 169; *Kuntz* v. *Schnugg*, 99 id. 191.)

The following is the opinion of the court below:

HEFFERNAN, J. This is an action on a check for $500. It is brought by the payee against the maker. On May 21, 1924, plaintiff and defendant entered into a written contract by the terms of which plaintiff agreed to sell and defendant to purchase lands in the city of Mechanicville for the sum of $9,750. The instrument provides that the sum of $500 was to 'e paid on the execution of the contract, $2,500 on the delivery of the deed and the balance to be secured by a mortgage. The check in question was given as the initial payment. When the plaintiff presented the check at the bank upon which it was drawn she ascertained that the defendant had countermanded its payment. She has repudiated the contract and has refused to complete the transaction, basing her declination on the ground that she was mentally irresponsible at the time she signed the agreement; that the check was given on a contract void under the Statute of Frauds and that there was a failure of consideration. The defendant's claim is that having breached her agreement the plaintiff may, at her election, maintain an action for the specific performance of the contract or for the recovery of such damages as she may have suffered by the breach, but that she cannot sue to recover any part of the contract price whether represented by a negotiable instrument or otherwise.

At the conclusion of the testimony both sides moved for the direc-

tion of a verdict. There is ample evidence in the record rebutting the defendant's proof regarding her alleged incompetency. Her claim that her reason was impaired at the time is a mere pretense.

The defendant's position that the Statute of Frauds furnishes her any defense is wholly untenable. Here the contract is in writing, properly acknowledged.

It is not disputed that the check was intended to operate as a payment on the purchase price. It is true that the check is not money. It is an order for the payment of money and stands in substitution of the cash deposit contemplated in the contract. If, instead of giving her check, the defendant had paid cash she could not, upon her own default, recover the money. One is not permitted, either at law or in equity, to recover money paid on an executory contract which he has refused or neglected to perform. (*Lawrence* v. *Miller*, 86 N. Y. 131.) In principle there is no legal difference between the check and cash. The execution and delivery of the contract by the plaintiff was a sufficient consideration to support the check. (*Tradesmen's National Bank* v. *Curtis*, 167 N. Y. 194; *Caren* v. *Liebovitz*, 113 App. Div. 674.)

The specious view presented by the defendant that the plaintiff is limited to an award of damages in satisfaction of the broken contract, and where, as in this case, the evidence fails to disclose the value of plaintiff's bargain, that there can be no recovery, does not commend itself to me. The fallacy of that reasoning is obvious. If the defendant had kept her contract the money represented by the check would be the plaintiff's as of right. The provisions of that contract would have been observed but for the defendant's breach. She may not willfully violate her agreement and success-fully resist the payment of a negotiable instrument given to apply on the purchase price. Neither precedent nor justice demands, under such circumstances, that the plaintiff should be limited to an action for damages or a suit for specific performance. Under similar conditions the right to recover on a check is recognized in *Raubitschek* v. *Blank* (80 N. Y. 478). In that case the parties orally agreed to exchange certain real estate. The defendant gave his check for $500 as the initial payment. Thereafter he stopped payment on the check and refused to complete the exchange. In that case, although not discussed in the court's opinion, the right to recover was distinctly involved. It is true that the principal question to which the court addressed itself in that case was the application of the Statute of Frauds. Nevertheless, a recovery was upheld and it seems to me that the principle applies here. (*Fleischman* v. *Plock*, 19 Misc. 649; *Murman* v. *Manning*, 125 id. 830.)

The defendant relies on *Supreme Housing Corporation* v. *Schreiber* (125 Misc. 817) and *Portner* v. *Tanner* (30 Wyo. 85; 216 Pac. 1069). These cases are clearly distinguishable. In *Supreme Housing Corporation* v. *Schreiber* (*supra*) the plaintiff did not sue on the check until after it had disposed of the property. The court merely held that in order to recover the purchase price or any installment thereof the plaintiff must necessarily be in a position to convey the property. In *Portner* v. *Tanner* (*supra*) plaintiff's action was to recover two checks for $725 and $775 respectively. These checks were given as the first payments on the contract of sale between the parties. Subsequently to the execution of the contract a dispute arose between the parties and the defendant countermanded payment of the checks. Thereafter plaintiff brought an action but before the trial conveyed the property to one McCabe. The court held that the plaintiff was not entitled to recover and that the sale to McCabe constituted an abandonment or forfeiture of the contract with the defendant. In the opinion there the court said: " As stated before, the suit in the case at bar is for the recovery of part of the purchase money of the lot. A suit of that kind partakes, in effect, of the nature of an action for specific performance of the contract of purchase, and should, therefore, be governed by the same equitable principles. (*Black* v. *American International Corporation*, 264 Pa. 260; 107 Atl. 737 and cases cited; *Hoover* v. *Pontz*, 271 Pa. 285; 114 Atl. 522.) And though it may be true that at times the doctrine of election of remedies may be harsh, and should not be unduly extended (*Friederichsen* v. *Renard*, 247 U. S. 207; 62 Law. Ed. 1075; 38 S. Ct. 450), no injustice from its application would result in the case at bar. No injury to plaintiff has been shown. It may be, for aught that appears in the record, that he ultimately sold the land for more than defendant agreed to give him. At the time of the trial it appeared that plaintiff had put it out of his power to perform the contract, and hence it would be inconsistent with equity to allow him to recover the amount of the checks sued on."

In the case at bar the plaintiff has done no wrong. She respected her agreement. She was ready and willing to convey and the transaction would have been consummated except for the defendant's breach. The question presented here is quite different from that which existed in the cases cited by the defendant and consequently those authorities have no application. Courts of repute in other jurisdictions have upheld a recovery under circumstances identical to those disclosed in the case at bar. (*Mulcahy* v. *Gagliardo*, 39 Cal. App. 458; *Thompson* v. *Killheffer*, 98 N. J. L. 359; 119 Atl. 770.)

In *Mulcahy* v. *Gagliardo* (*supra*) the vendee, instead of making

cash deposit of the designated sum as the first payment, executed a note for that amount to the vendor, and thereafter defaulted in making additional payments. Recovery was allowed on the note. The court there said that if the vendee had deposited with the vendor the sum in cash contemplated by the written agreement, the vendor, upon the vendee's breach, would have the right to retain it to his own use and that consequently it logically followed that the vendor would have the same right to retain to his own use the promissory note which the vendee had deposited in lieu of cash. In *Thompson* v. *Killheffer (supra)* the vendee on the execution of a contract for the purchase of real estate gave his check for $500. Thereafter he stopped payment on the check and refused to carry out the contract. The right of the vendor to maintain an action on the check was sustained. The court said that if the defendant had paid the $500 in cash he would not be entitled to have it back because of his own repudiation of the sale. In the course of its opinion there the court said: " We are unable to see any legal difference between the recovery back of cash paid under such circumstances and the recall of a negotiable bank check given for a valid consideration, to wit, a sales receipt which could be turned into a contract at the option of the purchaser."

The defendant insists that because plaintiff made no tender of the deed she is not entitled to recover and cites *Ewing* v. *Wightman* (167 N. Y. 107) as a controlling authority. That case is authority for the proposition that in a contract for the purchase of lands or for the sale of chattels the covenant to convey or to deliver possession and the covenant to pay the purchase money when concurrent in time are dependent; and that even in case the purchase money is payable in installments, if the vendor awaits the maturity of the last installment upon the payment of which a conveyance is due, he cannot maintain an action to recover any installment without first putting the vendee in default by tendering him a deed. There can be no question about the correctness of that rule.

In this case the plaintiff had the ability to perform. No tender of the deed was necessary since the defendant repudiated the contract. (*Eddy* v. *Davis*, 116 N. Y. 247.) It is not the policy of the law to require the performance of a vain and useless act.

It follows from this discussion that the plaintiff is entitled to the direction of a verdict in her favor for the sum of $500, with interest from May 21, 1924. Judgment is hereby directed accordingly.