WALTER GOSZKA ET AL. *v.* FRANK M. KLEIS ET AL.

[No. 48, April Term, 1932.]

*Decided June 21st, 1932.*

The cause was argued before BOND, C. J., URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*James Morfit Mullen* and *R. Contee Rose,* for the appellants.

*Edward L. Ward,* for the appellees.

PARKE, J., delivered the opinion of the Court.

The present appeal is from a decree sustaining the demurrer to the bill of complaint of Walter Goszka, Helen Goszka, his wife, and Alexander Goszka against Frank M. Kleis and Anna L. Kleis, his wife, and dismissing the bill of complaint. The facts which are alleged, and admitted by the demurrer, will be briefly stated. On June 25th, 1930, Walter Goszka and Alexander Goszka, with Mary Filipowicz and Thaddeus Goszka, owned in fee simple a lot of land, with improvements, in Baltimore City; and on that day a contract of purchase and sale was entered into, which was reduced to writing, and signed by the defendants and Walter Goszka, and witnessed, apparently, by Alexander Goszka. The contract, however, purports to be between the two de-

fendants, who are termed vendors, and Walter Goszka and Helen Goszka, his wife, who are called vendees. By this agreement the vendees agreed to buy of the vendors their stock in trade and fixtures and business site in Annapolis, Maryland, for the sum of $18,000, upon the condition that, within one year of the date of the contract, the vendors or defendants would buy the said premises in Baltimore which were owned by Walter Goszka, Alexander Goszka, and Thaddeus Goszka, and Mary Filipowicz, their sister, for the sum of $13,000. There are other provisions in the contract, but only those terms and details that are necessary have been stated.

It has been observed that while both of the defendants signed the agreement, only Walter Goszka and Alexander Goszka signed, but the other two tenants in common, Mary Filipowicz and Thaddeus Goszka, did not execute the written contract. However, these last two had authorized and sanctioned the contract, and, for the purpose of performing the terms of this contract, all the tenants in common united in conveying the premises in Baltimore to a third party, who thereupon conveyed the said premises to Walter Goszka, who now holds the fee simple title thereto, subject to the dower rights of the said Walter Goszka's wife.

The defendants have been paid the purchase money for the business and premises in Annapolis, and that branch of the contract is fully performed; but, in order to enable the plaintiffs to comply with the contract of purchase of the Annapolis property, they had to borrow money and to secure the payment thereof by the execution and delivery of two mortgages on the property in Baltimore which the defendants had agreed to purchase. This method of procuring the money to pay the defendants was known to them and done with their full approval, and the negotiations completed in their presence; and the plaintiffs have arranged to have said mortgages released and discharged of record simultaneously with the performance by the defendants of their contract. The plaintiffs further allege that they have performed all the undertakings on their part, save only such as cannot be performed

until the defendants comply with their promises under the contract, and that, although the year has ended, and the plaintiffs are and will be ready, able, and willing to convey the said premises to the defendants with a good and merchantable title in fee simple, free of all liens of any kind, and demand has been made upon the defendants to perform, they have failed and refused.

On these facts the chancellor refused to decree a specific performance by the defendants of their contract. In this there was error. It is true that the contract was certainly signed by but one of the tenants in common, and not by his wife, who is named in the body of the instrument as one of its parties. The contract, however, was accepted by the other parties in its incomplete form, and partly performed by the party signing, and the defendants have received and enjoy the benefits of this performance, and, under such circumstances, a court of equity would disregard the plainest requirements of justice and ignore a situation replete with equity if it should refuse specific performance on the ground of the incompleteness of the agreement. *Pomeroy on Specific Performance* (3rd Ed.), sec. 145.

The contract, therefore, will be enforced as that of the parties who signed, and Walter Goszka, at least, was bound by all its stipulations. The fact that he was not the owner in severalty of the parcel of land by him sold and agreed to be conveyed to the defendants so as to vest in them in fee simple an absolute and entire estate is here immaterial. The allegations of the bill of complaint are that, before the filing of the bill of complaint, and for the purpose of complying with the contract, Walter Goszka, the plaintiff, had acquired, and was able, ready, and willing to convey, an estate in severalty in the land agreed to be bought by the defendants. So, at the institution of the pending suit the contract had the qualities of completeness and mutuality. *Pomeroy on Specific Performance* (3rd Ed.), secs. 158, 341; *Liggett v. Rose,* 152 Md. 146-155, 136 A. 651; *Maryland Construction Co. v. Kuper,* 90 Md. 529, 542, 45 A. 197; *Canton Co. v. Balto. & O. R. Co.,* 79 Md. 424, 429-430, 29 A. 821.

The further point is made that there was error in the joinder of Helen Goszka, wife of Walter Goszka, and Alexender Goszka, as plaintiffs. Helen Goszka was named in the contract as one of the contracting parties, but she failed to sign. Her potential right of dower in the subject-matter of the contract was an interest in the land which she alone could release by uniting with her husband in the deed of conveyance. The husband, therefore, was bound to secure her execution of the conveyance to the defendants, and the fact that she united in the bill of complaint was an assurance that she would join in the grant. *Pomeroy on Specific Performance* (3rd Ed.), secs. 459-462.

Alexander Goszka, who at the time of the contract was one of the cotenants, was not described as one of the contracting parties, but he signed at the left lower corner of the agreement under the word "(Witness)," and the bill alleged that he signed as one of the contracting parties. His signature out of column and apparently as a witness could be shown to have been that of a contracting party, and it was so alleged and the allegation was so admitted by the demurrer (a). His joinder, therefore, did not make the bill of complaint demurrable, nor was the wife of Walter Goszka misjoined. *Miller, Equity Proc.* 64, and notes, 67; *Thruston v. Minke,* 32 Md. 571, 574, 575; *Claude v. Handy,* 83 Md. 225, 236, 34 A. 532; *Fry on Specific Performance* (6th Ed.), sec. 1000, p. 466; (a) secs. 516, 518, 522, 524.

For the reasons given, the demurrer should have been overruled, and the cause must be remanded for a decree in conformity with this opinion, and for further proceedings.

> *Decree reversed, and cause remanded for further proceedings; the costs of this appeal to be paid by the appellees.*