## SCHLOSBERG v. SHANNON & LUCHS CO. et al.
### No. 505.

, Municipal Court of Appeals for the
District of Columbia.

June 25, 1947.

Herman Miller, of Washington, D. C., for appellant.

Harry L. Ryan, Jr., of Washington, D. C., for appellees.

Before HOOD and CLAGETT, Associate Judges, and FENNELL, Associate Judge of The Municipal Court for the District of Columbia.*

HOOD, Associate Judge.

Jack Schlosberg appeals from a judgment against him for $2,000 on a check given by him to Shannon & Luchs Company.

The check was given under the following circumstances. Shannon & Luchs Company, a real estate broker, acting as agent for Jack Coopersmith, negotiated a contract for the sale of real estate from Coopersmith to Schlosberg at a price of $65,000. When the agreement was signed by Coopersmith and Schlosberg the latter gave Shannon & Luchs Company his check for '$2,000 as a deposit to be applied in part payment on the purchase price. Shortly thereafter Schlosberg announced he would not complete the agreement and stopped payment on the check. Thereupon Shannon & Luchs Company commenced this action.

The main defense of Schlosberg is that he signed the agreement on the condition made known to the seller that it would not be a binding contract unless and until his wife, Dorothy Schlosberg, also signed as purchaser, that she refused to sign, and consequently the sale agreement never became effective.

---

* Sitting by designation.   Code 1940 (Supp. V) § 11—771.

The agreement, on a printed form customarily used in this jurisdiction and containing the usual provision as to forfeiture of deposit in event of the purchaser's default, was signed by Coopersmith as seller and Schlosberg as purchaser. However, the agreement commenced by reciting receipt of the deposit from "Jack & Dorothy Schlosberg." No further identification of the purchaser or purchasers was made in the body of the agreement, reference thereto being merely to "purchaser." At the end of the agreement were two spaces for signatures of the purchasers. One contains Schlosberg's signature and the other is blank.

■ Of course, one may sign an agreement on condition that he shall not be bound thereby until another also signs, and until the other does sign the first is not bound. But unless it clearly appears from the face of the instrument that it is the understanding of the parties that the agreement is not to be effective without the signatures of all, resort must be had to parol testimony to determine the intent of the parties.[1] Mere expectation that another will sign does not necessarily prevent those signing from being bound even though the expected party does not sign.[2]

Tending to prove that the agreement was not to be effective without Mrs Schlosberg's signature was the fact that she was named in the body of the agreement as an apparent purchaser and the testimony of Mr. Schlosberg that it was the understanding between him and the seller that he would not make the purchase alone and the agreement would be effective only when Mrs. Schlosberg approved the purchase and signed the agreement. In addition, the form of agreement contained spaces for two signatures, though this fact cannot be accorded much weight in view of the use of a printed form and the fact that in the body of the form the word "purchaser" was consistently used in the singular.

■ On the other hand, evidence tending to show that the parties signing considered the agreement complete and binding without Mrs. Schlosberg's signature was as follows. The check for the deposit was drawn by Schlosberg alone and delivered immediately, and there is no testimony that Mrs. Schlosberg had any interest in the bank account on which the check was drawn. Although the agreement was executed in triplicate, Schlosberg retained only one copy, leaving one copy for the broker and the other for the seller. If the contract required Mrs. Schlosberg's signature, the natural procedure would have been for Mr. Schlosberg to take all three copies home to be signed by his wife. When the agreement was executed Mr. Schlosberg signed a paper giving Shannon & Luchs Company exclusive sale of the property for 10 days from time of settlement and agreeing to pay Mr. Peck, the agent acting for Shannon & Luchs Company, a certain sum if the property were rented or sold within 60 days of settlement. And immediately thereafter Schlosberg authorized Weaver Bros., another real estate broker, to advertise the property for rent. These acts indicated that Schlosberg considered the contract binding, because ordinarily one does not list property for sale or advertise it for rent prior to acquiring ownership, legal or equitable. The trial court was entitled to weigh the action of Schlosberg taken immediately after execution of the agreement against his testimony that the contract was not to be effective without his wife's signature. Furthermore Schlosberg's testimony was denied by Peck.

■ By its general finding, we must assume the trial court found that the agreement was executed by Schlosberg unconditionally. Such finding was supported by the evidence.

■ Schlosberg also makes the point that Shannon & Luchs Company acted merely as agent for the seller and was not the proper party in interest to bring this action. The check was payable to Shan-

[1] Willard F. Deputy & Co. v. Hastings, 2 W.W.Harr.Del., 345, 123 A. 33; Goszka v. Kleis, 163 Md. 167, 161 A. 170; Jones v. Fox Film Corporation, 5 Cir., 68 F.2d 116; Naylor v. Stene, 96 Minn. 57, 104 N.W. 685.

[2] Cf. Cummings v. United Clay Products Co., D.C.Mun.App., 32 A.2d 107.

724

non & Luchs Company and we think the action was properly brought in its name,[3] but this question is not of importance now because Coopersmith was added as a party plaintiff when the question was raised at trial.

Schlosberg having bound himself to the purchase of the property and given a check for the deposit was responsible in an action on the check.[4]

Affirmed.

[3] Code 1940, § 28—401; 10 C.J.S., Bills and Notes, § 534; 8 Am.Jur., Bills and Notes, § 924.

[4] Mitchell v. Ralph D. Cohn, Inc., D.C. Mun.App., 52 A.2d 631; Thompson v. Killheffer, 98 N.J.L. 359, 119 A. 770, reversed on other grounds in 99 N.J.L. 439, 125 A. 11; Palmer v. Golden, 127 Misc. 487, 216 N.Y.S. 509, affirmed 221 App.Div. 360, 223 N.Y.S. 897; Mulcahy v. Gagliardo, 39 Cal.App. 458, 179 P. 445; Bramwell Inv. Co. v. Uggla, 81 Utah 85, 16 P.2d 913.