STEPHEN KACPURA, Appellant, v. RUTH H. HICKS, Respondent.— Action to recover payments made pursuant to a memorandum of sale of real property, based upon a breach of said memorandum by the seller, and for damages due to misrepresentation and deceit. Plaintiff appeals from a judgment in favor of defendant entered after a trial by the court without a jury. Judgment reversed on the law and the facts, with costs, and judgment directed in favor of appellant, on the merits, in the sum of $3,500 with interest. Findings of fact inconsistent herewith are reversed, and new findings are made as indicated herein. The memorandum provided that the purchaser was accepting the premises as substantially damaged by fire and smoke, and recited a representation by the seller of "a possible easement or encroachment not exceeding Five feet on the southerly side", and another provision that the formal contract of sale to be submitted to the purchaser was to be of the kind used and prepared by a named title company. The evidence discloses that said "possible easement" referred to a possible encroachment by the driveway of the adjacent property owner. The formal contract submitted to appellant, which he refused to sign, provided that the premises were subject to an easement ten feet in width on the northeasterly line of the property which gave the holder thereof the right to lay and maintain pipes, conduits, and wires in said area and which prohibited the owner from placing any obstructions thereon. Also, while the printed form of said contract made the seller responsible for complying with all laws, ordinances, official orders or requirements affecting the premises, the word "seller" had been stricken out and the word "purchasers" typed in so as to make the latter so responsible. Since the formal contract submitted to appellant was not in accord with the aforesaid material provisions of the memorandum of sale, respondent was in default. Appellant's payment of the installment due under the memorandum did not constitute a waiver by him of the aforesaid breach of its terms for, as a layman who was then without counsel, he believed that it was due on that date whether or not the contract was signed, and that if he did not make the payment he would be in default. This circumstance, and his refusal to sign the proffered formal contract, negative any intention on his part to waive any of his rights under the memorandum. Therefore, appellant is entitled to recovery as above set forth, no proof having been offered in support of his claim for damages due to the alleged misrepresentation and deceit. Nolan, P. J., MacCrate, Schmidt, Beldock and Murphy, JJ., concur.