■ ATLANTIS CREDIT CORPORATION, Respondent, v. LONDON STEAM-SHIP OWNERS' MUTUAL INSURANCE ASSOCIATION, LIMITED, Appellant.— Order of March 7, 1960 appealed from, which denied the defendant's motion to vacate the notice of examination before trial, or in the alternative to strike certain items, is unanimously modified on the law, on the facts and in the exercise of discretion, to grant so much of the motion as moved to strike items 4 and 5, and, as so modified, is otherwise affirmed, with $10 costs and disbursements to the appellant. Item 4 seeks to impose upon the defendant the burden of deciding which records, papers or documents, if any, are evidence of waivers, though plaintiff has not alleged a waiver of any condition, and seeks to describe such documents, if any, in terms of their legal effect. Item 5 is vague and indefinite, much too broad, and fails to describe any particular documents or memoranda. Settle order. Concur — Breitel, J. P., Rabin, M. M. Frank, Stevens and Bastow, JJ.

■ ATLANTIS CREDIT CORPORATION, Respondent, v. LONDON STEAM SHIP OWNERS' MUTUAL INSURANCE ASSOCIATION, LIMITED, Appellant.— Order of March 7, 1960, which granted plaintiff's motion to extend its time to move pursuant to rules 102 and 103 of the Rules of Civil Practice to strike paragraphs Twenty-fifth through Thirtieth from defendant's answer unanimously affirmed. Concur — Breitel, J. P., Rabin, M. M. Frank, Stevens and Bastow, JJ.

■ AMERICAN INTERNATIONAL BOWLERS OF BRUCKNER BLVD., INC., Respondent, v. FIREPROOF REALTY CORP., Appellant.— Order unanimously modified, on the law and in the exercise of discretion, to increase the amount of the bond to $15,000, and as modified, is otherwise affirmed, with $20 costs and disbursements to the defendant-appellant. In the exercise of a proper discretion the amount of the bond should have been fixed in the amount of $15,000. Concur — Breitel, J. P., Rabin, M. M. Frank, Stevens and Bastow, JJ.

■ CARLTON PROPERTIES, INC., Appellant, v. HADLEY CORPORATION et al., Respondents.— Order denying motion of plaintiff-appellant for summary judgment is unanimously modified, on the law, with $20 costs and disbursements to appellant to the extent of granting partial summary judgment against defendant-respondent Hadley Corporation on the first cause of action for the sum of $5,000 and interest, dismissing the said cause of action as to defendant-respondent Acme Backing Corporation, and dismissing the counterclaim insofar as it relates to the first cause of action and severing the action accordingly and continuing it as to the second cause of action, and, as so modified, affirmed. The binder agreement of September 8, 1958 provides for "good and marketable title free of liens, encumbrances, etc." The formal contract tendered by defendant-respondent Hadley Corporation provided for the sale of the premises subject to zoning regulations, consents by the seller for the erection of certain structures, encroachments, covenants and other agreements not provided for in the binder agreement. Defendant-respondent Hadley Corporation was bound to carry out the terms of the binder agreement. (*Levitan* v. *Levine*, 224 App. Div. 561; *Kacpura* v. *Hicks*, 285 App. Div. 816.) It affirmatively appears that the payment of the deposit was made to defendant-respondent Hadley Corporation. Consequently, there is no obligation on the part of defendant-respondent Acme Backing Corporation in respect of said deposit and the first cause of action for the return of said deposit must be dismissed as to said defendant-respondent. Settle order on notice. Concur — Rabin, J. P., Valente, McNally, Stevens and Bastow, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANTHONY PALAZZOLA, Appellant.— Order unanimously affirmed. No opinion. Concur — Rabin, J. P., McNally, Stevens and Bastow, JJ.