Argued December 7, 1961, affirmed January 17, 1962

# VERMEER ET UX *v.* HICKMAN ET UX

368 P. 2d 77

*John H. Horn,* Roseburg, argued the cause for appellants. On the briefs were Horn & Slocum, Roseburg.

*Robert M. Stults,* Roseburg, argued the cause for

respondents. On the brief were Stults and Jayne, Roseburg.

Before McALLISTER, Chief Justice, and WARNER, SLOAN, O'CONNELL and LUSK, Justices.

O'CONNELL, J.

Plaintiffs bring this suit to set aside a deed executed by them and placed in defendants' hands as down payment in a transaction in which plaintiffs purported to purchase and defendants purported to sell a tavern together with surrounding real property. The complaint contains the usual prayer for "such other and further relief as the Court shall deem just and equitable." The effect of granting plaintiffs' prayer for relief would be to rescind the agreement for the sale and purchase of the tavern and to restore to plaintiffs the down payment made by them.

Defendants rely upon an earnest money agreement executed on May 12, 1960 by the terms of which plaintiffs agreed to purchase and defendants agreed to sell the property in question. A form entitled "Earnest Money Receipt" prepared by Stevens-Ness Law Publishing Co. was used by the parties in memorializing their agreement. This Earnest Money Receipt, signed by both sellers and purchasers, contained provisions for down payment, payment of the balance, rate of interest, date upon which possession was to be taken by purchasers, forfeiture of earnest money upon purchasers' failure to comply with the terms of the agreement, and the other provisions usually contained in earnest money agreements in this state. The Earnest Money Receipt called for the subsequent execution of a "contract."

The ground upon which plaintiffs seek to rescind is stated in the following allegation of their complaint:

"That to induce plaintiffs to make said deed and execute said earnest money, defendants falsely and fraudulently represented to plaintiffs that the Land Sales Contract to be drawn by defendants would contain a provision that in the event that plaintiffs were unable to obtain approval of the Oregon Liquor Control Commission for the transfer of the Liquor License held by defendants' names to the plaintiffs' names, the agreement for the sale of said real property and personal property would be cancelled and considered null and void and the parties would be returned to the position each occupied prior to the execution of the earnest money agreement dated May 12, 1960, and prior to the execution by plaintiffs of the deed dated May 12, 1960; that relying on said statements, plaintiffs executed the said earnest money receipt and deed and thereafter entered into possession of the business and real property described in paragraph IV. and continued in possession thereof and operated the same until on or about June 2, 1960, when defendants ejected plaintiffs from possession of said business and real property."

The allegation of fraud was not supported by evidence and the trial court so found.

However, there was evidence to sustain the allegation that the defendants agreed to include in the land sale contract a provision making the sale subject to the condition that the Oregon Liquor Control Commission would approve the transfer of the liquor license held by defendants. The evidence on this point was conflicting but we are of the opinion that such an agreement was made prior to the execution of the earnest money contract.

■ The defendants refused to execute a land sale

contract with this condition included. The plaintiffs were entitled to a contract with such a condition included and the defendants' refusal to perform in accordance with the oral agreement constituted a ground for rescission. *Hebrew Publishing Co. v. Reibstein,* 126 App Div 274, 110 NYS 660 (1908) (refusal to execute contract in accordance with an oral agreement not integrated into written memorandum of sale held grounds for rescission) ; cf., *Kacpura v. Hicks,* 285 App Div 816, 136 NYS2d 398, aff'd. 309 NY 821, 130 NE2d 617 (1955) (formal contract not in accordance with memorandum of sale held grounds for rescission) ; *Kurtz v. Busch,* 3 N J Misc 389, 128 A 552 (1925) (refusal to execute formal contract according to the terms of memorandum agreement held grounds for rescission). See, 1 Black on Rescission and Cancellation, §§ 212-13 (2d Ed 1929) ; 5 Williston, Contracts § 1456 (Rev ed 1937).

■ Defendants contend that the pleadings limited the proof to a showing of fraud and that the trial court erred in granting rescission upon any other ground. The trial court rested its decision upon grounds different from ours. This court tries the case de novo and is not bound by the trial court's findings of fact and conclusions of law nor by the legal theory which that court adopted. The evidence which supports our conclusion was admissible under the allegations of the complaint even though such evidence was not sufficient to establish fraud.

The decree of the lower court is affirmed.