**MOORE–DAY MOTORS, Inc.**

v.

**WRIGHT.**

No. 1401.

Municipal Court of Appeals
District of Columbia.
Argued Dec. 14, 1953.
Decided Jan. 14, 1954.

Kathryn M. Schwarz, Washington, D. C., with whom John J. Myers, Jr., Washington, D. C., was on the brief, for appellant.

Paul Theodore Wright, pro se.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

Charging breach of warranty, Wright sued Moore-Day Motors, an automobile dealer, for the amount of his down payment on an antomobile which he had later returned to the dealer. The trial court found for plaintiff and this appeal by the dealer followed.

■ Appellant first contends that there was no warranty or guarantee of any kind in connection with the sale. As to this the trial court found that appellant had "guaranteed to sell the plaintiff a car which was in good condition," and that "said automobile was not in the condition as guaranteed." These findings were supported by the testimony of the purchaser that he bought the car upon a representation by the dealer that it was in good condition, and that the salesman emphasized its good condition by asserting that his company did not sell "trash." Appellant argues that at most this was mere "puffing" and not a warranty. It is true that such an expression may sometimes amount to no more than that. It is equally true, however, that such a representation may constitute a warranty. The Uniform Sales Act, as enacted into our Code, provides: "Any affirmation of fact or any promise by the seller relating to the goods is an express warranty if the natural tendency of such affirmation or promise is to induce the buyer to purchase the goods, and if the buyer purchases the goods relying thereon." Code 1951, 28–1112. Whether it is one or the other depends in large measure upon the surrounding circumstances, the manner in which it was made, and the ordinary effect of the words used. In this situation it resolved itself into a question of fact, and we cannot say that the decision thereon was wrong as a matter of law.

■ Appellant asks us to rule that the evidence did not support the finding that the car was not in good condition. But it was testified that the car would not start the day after it was purchased, and that it required repairs for which appellant charged more than $50. We think the finding that it was not in good condition was clearly justified.

■ Appellant also contends that the purchaser could not rescind, because the circumstance motivating rescission was the sending of a repair bill, and that this was a matter collateral to the contract of sale. Whatever the factor which caused the purchaser to rescind, the evidence, as we have just said, justified the finding that the car was not in good condition; hence

the remedy of rescission was open to him. Other matters raised in appellant's brief have been considered and found to be without merit.

Affirmed.