## HAGEDORN v. LEROY.

### No. 1476.

Municipal Court of Appeals for the District of Columbia.

Argued April 12, 1954.
Decided May 3, 1954.

3. Appellant's present counsel was not trial counsel.

Carl L. Shipley, Washington, D. C., for appellant.

John C. Keating, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

The trial court found in favor of a plaintiff for return of moneys paid in the purchase of a hearing aid, which she charged had been misrepresented to her and which she had returned to the seller.

■ Defendant asks us to rule that the decision was contrary to the evidence. Plaintiff testified that she went to defendant's shop to inquire about repairs to a hearing aid she then owned. Defendant's salesman examined the instrument, told her the repairs would be expensive, and suggested that she buy a new instrument of a different make. He told her the new instrument "would work as well, if not better for her" than her old one. Several days later the instrument developed a buzzing sound, and she took it back and told the salesman of the trouble. After making unsuccessful efforts to adjust the instrument, he gave plaintiff a new one of the same model; but this instrument also developed a similar buzzing, and she returned it and was given a third instrument. This too developed the same buzzing sound, and she caused it to be returned to defendant and demanded the return of her payments. Plaintiff's testimony was completely uncontradicted. Defendant testified that the salesman was still working for him and was available as a witness; nevertheless, he was not produced nor was any attempt made to explain his absence. Plaintiff was therefore entitled to have the usual presumption drawn in her favor as to the salesman's testimony. Northern Ins. Co. of New York v. Fischer, D.C.Mun.App., 103 A.2d 581.

■ But even without that presumption the evidence as a whole unmistakably sustained plaintiff's position. Defendant was the only witness in his own behalf and he said nothing about his salesman's representations and offered no explanation as to the buzzing in the three instruments plaintiff had obtained from him; he testified only as to the quality of the brand of instrument sold and as to procedures and policies he generally followed in dealing with his customers. Under the circumstances, the decision of the trial court was correct.

■ Appellant says that the trial judge was wrong in ruling that the sale was subject to an implied warranty of fitness. The record reveals no such ruling. The complaint alleged generally that plaintiff relied on the skill and judgment of defendant, that she was induced to enter into the contract of purchase, and that the hearing aid failed to accomplish the purpose for which it was bought. Plaintiff's testimony in support of those allegations amounted to a showing of an express warranty, rather than one which was merely implied.

■ Appellant also says that the instrument was only guaranteed against mechanical defects. A short, practical answer is that the uncontradicted testimony that three successive instruments had developed buzzing noises surely entitled the trial judge to find that they were not free of mechanical defects.

■ Appellant's brief discusses the effect of a clause in the purchase order reciting that the purchase was covered by "the standard guarantee of the manufacturer" and that "no other warranties are expressed or implied." In the first place, the standard guarantee referred to was never offered in evidence for the consideration of the trial judge. Moreover, we have discussed this proposition in a full and carefully worded opinion by the late Judge Clagett, in a case involving a hearing aid. Buchanan v. Dugan, D.C.Mun. App., 82 A.2d 911. We there ruled that such a clause did not prevent introduction and consideration of evidence establishing

an implied warranty of fitness. In this case where there was an *express* warranty by way of inducement, there is even' less reason to say that the purchaser had waived her right to claim breach of warranty.

Some other contentions advanced by appellant are also answered in the opinion above cited. Still other contentions do not merit discussion.

Affirmed.