Anthony W. HAGEDORN, t/a Buchanan Hearing Aid Company, Appellant,

v.

Virginia TAGGART, Appellee.

No. 1626.

Municipal Court of Appeals for the District of Columbia.

Argued May 9, 1955.

Decided June 1, 1955.

Carl L. Shipley, Washington, D. C., for appellant.

John C. Keating, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

This is an appeal from a finding in favor of plaintiff, appellee here, for rescission of a contract for the purchase of a hearing aid and for the return of the purchase price.

In April 1954 appellant, a dealer in hearing aids, advertised for sale an instrument complete for the price of $39.50. In response thereto appellee made inquiry about the set and was informed by one of appellant's salesmen, a Mr. Healy, that this type of instrument would be too weak for her and instead suggested that she try another model that sold for $289.50. This model, according to appellant's salesman, had more than enough power for her type deficiency and was the best help she could get. The sale was consummated, $84.50 being allowed as a trade-in allowance on her old set and batteries.

Upon completing the purchase, appellee was furnished with what she understood to be a receipt, upon which was printed the following: "Purchaser acknowledges the above purchase(s) are covered by the standard guarantee of the manufacturer. No other warranties are express or implied." She testified that no explanation was given her with respect to the above quotation, but she did remember that Mr. Healy told her that "all of our instruments are guaranteed," and her understanding of this statement was that her money would be refunded in the event the instrument proved unsatisfactory.

Three days later appellee returned with the instrument to appellant's place of business, claiming the set to be unsatisfactory in that various consonants and vowel sounds were indistinct and inaudible. The instrument was examined by Mr. Healy and after advising her that it was "weak as cold tea" substituted another set of the same make. This set was tried by appellee with the same result. She returned the instrument and another of the same make was substituted. According to appellee she found herself "beating a path in the sidewalk between her office and defendant's store."

Finally, after many visits over a five-month period and four instruments of the same make being substituted, she demanded the return of her money, which was refused, and this suit resulted. The trial court, sitting without a jury, awarded appellee the amount of the purchase price.

The record does not indicate that appellee's testimony as to statements made by Mr. Healy was categorically denied by appellant. Rather, the general conclusion of law was offered by appellant that no express or implied warranties, other than the manufacturer's guarantee against mechanical defects, are made to customers and that no statements as to fitness for use were made to appellee by Mr. Healy. Yet even assuming a denial had been claimed by appellant in reviewing this finding we must accept as true appellee's version of the negotiations between her and Mr. Healy.[1]

Appellant contends that all of the instruments furnished appellee were in perfect mechanical order, including the one she originally purchased; that each had been subsequently sold, without service, to other persons in the area; and that each had given satisfactory service to its new owner up to the time of trial.

Appellant maintains that there was neither an express nor an implied warranty attached to the sale and that the statements made by Mr. Healy were merely explanatory, advisory and, at most, ordinary sales "puffing." We have previously held that whether statements made by dealers amount to mere "puffing" or a warranty[2] depends upon the surrounding circumstances, the manner in which they are made, and the ordinary effect of the words used.[3] Ultimately, this is a question to be resolved by the trier of the facts and we find no error in the conclusion reached by the trial court.

1. Mars v. Herman, D.C.Mun.App., 37 A.2d 351.

2. Code 1951, § 28–1112: "Any affirmation of fact or any promise by the seller relating to the goods is an express warranty if the natural tendency of such affirmation or promise is to induce the buyer to purchase the goods, and if the buyer purchases the goods relying thereon. No affirmation of the value of the goods, nor any statement purporting to be a statement of the seller's opinion only shall be construed as a warranty."

3. Moore-Day Motors v. Wright, D.C.Mun. App., 102 A.2d 304.

■ The complaint in this case, as in Hagedorn v. Leroy, D.C.Mun.App., 104 A.2d 606, alleged that plaintiff relied on the skill and judgment of the defendant, that she was induced to enter into the contract of purchase, and that the hearing aid failed to accomplish the purpose for which it was bought. The record reveals sufficient evidence to justify the finding of a breach of warranty by appellant.

Appellee was attracted to appellant's place of business by an advertisement for a hearing aid priced at $39.50, and although appellant realized that she had a severe hearing loss, she was told that the instrument ultimately sold her for $289.50 had more than enough power for her type deficiency. A further indication that she relied on the seller's skill and judgment is appellee's testimony that she had never heard of this make of instrument prior to that time and that she would never have bought it had she thought it would not improve her hearing *as Mr. Healy had said it would.*

■■ Although the record indicates that appellee purchased the instrument relying partially upon the statements of Mr. Healy and partially upon her own experience, nevertheless this did not prevent the warranty from arising. In this jurisdiction it has been held that in order to give rise to a warranty, the buyer's reliance need not necessarily be a total reliance. The buyer may rely on his own judgment as to some matters and on the skill and judgment of the seller as to others. Himmelstein v. Budner, D.C.D.C., 93 F.Supp. 946. Based upon the experience of the seller in this specialized field, we believe it was reasonable to conclude that appellee was induced by these statements to purchase the hearing aid and that such statements amounted to an actionable warranty when a breach was shown.

Not only was appellee told that the instrument sold her had more than enough power for her type deficiency but she was further told that it was the best help she could get. Yet the record does not bear out the promise made by appellant as appellee testified that she has since acquired another instrument which has suited her needs. Therefore it is difficult to see how any other conclusion could be reached but that appellee purchased the instrument after an express warranty had been made that it would satisfy the needs as required by her deficiency in hearing.

■ Contrary to the assertion of appellant, appellee did not continue to treat the goods as her own over the five-month period, thus waiving her right to rescission. Instead, she exchanged the instruments on numerous occasions and made repeated trips to the office of appellant. Any delay in the giving of the notice of rescission can be attributed to acts of appellant and thus excused.[4] The evidence here supports the finding that appellee did not waive the right to rescind the contract by the retention of the various instruments for the protracted periods of time.[5]

In view of our conclusion as to the finding of an express warranty, we need not consider the statements relating to warranties quoted on the document furnished appellee at the making of the sale.[6]

Affirmed.

---

4. Campbell Music Co. v. Singer, D.C. Mun.App., 97 A.2d 340.

5. See Buchanan v. Dugan, D.C.Mun.App., 82 A.2d 911; cf. Orrison v. Ferrante, D.C.Mun.App., 72 A.2d 771.

6. Hagedorn v. Leroy, supra; Buchanan v. Dugan, supra.