Alfred GREEN, Appellant,

v.

**NORTHEAST MOTOR COMPANY, a D. C. Corporation, Appellee.**

No. 2637.

Municipal Court of Appeals for the District of Columbia.

Argued Oct. 17, 1960.

Decided Jan. 11, 1961.

James B. Gilbert, Washington, D. C., for appellant.

Charles B. Sullivan, Jr., Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Alleging breach of implied warranty of fitness,[1] appellant instituted this suit to recover the price of a used car and to rescind the contract of sale. The following is the substance of appellant's testimony. In December 1959, he visited appellee's business location and informed the salesman that he wished to purchase a used car as a Christmas gift for his son. He was shown a 1951 Mercury sedan and, according to his testimony, was told " * * * that the car wasn't running, but that it would run and he [the salesman] would guarantee the car would be in perfect condition." Appellant then signed the contract agreeing to pay $375 for the vehicle, gave a down payment, and instructed the salesman to notify him when the repairs were completed. When appellant subsequently returned to make a further payment, the salesman said, "I don't want you to have it until I can get it in perfect running condition." Several days later the car was still inoperative but the salesman reassured appellant, saying, "We have mechanics and we will get it fixed for you, get it in good shape and have it run-

---

1. Code 1951, § 28–1115(1) provides: "Where the buyer, expressly or by implication, makes known to the seller the particular purpose for which the goods are required, and it appears that the buyer relies on the seller's skill or judgment * * *, there is an implied warranty that the goods shall be reasonably fit for such purpose."

**924**

ning perfectly for you." However, the car was disabled by recurring mechanical defects and did not perform satisfactorily thereafter although it remained almost continuously at appellee's place for repairs. As late as January 26, six days after this suit was filed, it again broke down on a final test drive by appellant.

The salesman admitted that the car was not functioning at the time of sale but denied having made the alleged representations. The written contract of sale, signed by appellant and an officer of appellee, contained the printed statement: "I understand there are no other terms, conditions, warranties or representations, except as herein provided, and any modification hereof must be in writing, signed by an Authorized Executive." Farther down the page were written the words, "6 mos.–6000 mile warranty." There was then introduced into evidence appellee's standard used car warranty, evidently the instrument to which the aforementioned words referred. By its terms this warranty allowed the purchaser a twenty-five percent discount on replaced parts and labor performed during the allotted six-month or 6,000-mile period. One other provision governing the warranty and pertinent here read: "This warranty is not valid unless signed by an officer of The Northeast Motor Co., and also by the purchaser. It must also be witnessed." Although the warranty contained a brief description of the transaction in question, the spaces provided for the signatures of appellant and a witness were blank.

At the end of the trial the court granted appellee's motion made earlier to strike all of appellant's testimony alluding to the alleged oral representations by the salesman. The basis of the ruling was the court's stated belief that such testimony violated the parol evidence rule and hence was inadmissible. The court concluded that the standard warranty precluded any other warranty, express or implied, and made a finding for appellee.

It is evident that appellee's standard warranty did not have the prohibitory effect ascribed to it. While an implied warranty may be barred by an express warranty clearly inconsistent therewith,[2] this instrument by its own terms was declared to be invalid unless signed by the contracting parties and a witness. Compliance with this formality was required before the discount provision could become a binding and enforceable obligation under the contract. Since this condition precedent was never fulfilled, the standard warranty could not be asserted against appellant.[3] Appellee could not alternately enforce and ignore provisions of the contract as it saw fit. Besides, our Code expressly recognizes that both implied and express warranties may coexist unless incompatible.[4] Certainly, an express warranty giving a discount on the replacement and installation of parts would not of itself conflict with an implied warranty of fitness for use.

Turning next to the disclaimer provision, this proposition must also yield in view of our holding in Hagedorn v. Leroy. There, the plaintiff was induced to buy a hearing aid upon the promise that the new model "would work as well, if not better for her" than the old instrument. Confronted by an exclusion clause, we referred to the case of Buchanan v. Dugan,[5] stating:

" * * * We there ruled that such a clause did not prevent introduction and consideration of evidence establishing an implied warranty of fitness. In this case where there was an *express* warranty by way of inducement, there is even less reason to say that the purchaser had waived her right to claim breach of warranty."[6]

2. 1 Williston, Sales § 259 (Rev. ed. 1948).

3. See Schlosberg v. Shannon & Luchs Co., D.C.Mun.App.1947, 53 A.2d 722.

4. Code 1951, § 28–1115(6).

5. D.C.Mun.App.1951, 82 A.2d 911.

6. D.C.Mun.App.1954, 104 A.2d 606, 607–608.

We do not say that appellant is entitled to prevail on the basis of an implied warranty. However, in view of the foregoing, the trial court should determine whether the facts are such as to give rise to such a warranty apart from the contractual provisions here considered.

Reversed and remanded with instructions to grant a new trial.

Chief Judge Rover sat during the argument of this case but died before it was decided.