Kendrick R. LEE, Jr., and Sandra D. Lee,
Appellants,

v.

AIR CARE, INC., a Maryland corporation,
Appellee.

No. 7958.

District of Columbia Court of Appeals.

Argued April 16, 1974.

Decided Oct. 1, 1974.

Janet C. McCaa, for appellants.

Albert Ginsberg, Silver Spring, Md., with whom Joseph H. Schneider and Herbert D. Horowitz, Silver Spring, Md., were on the brief, for appellee.

Before KERN, GALLAGHER and YEAGLEY, Associate Judges.

PER CURIAM:

The Lees purchased from appellee Air Care a gas air conditioner manufactured by and expressly guaranteed against defects by the Whirlpool Corporation. After numerous service calls failed to correct the continuous difficulty they had with its operation, appellants sued appellee Air Care for breach of its implied warranty of merchantability of the equipment it had sold them.

The trial court after hearing testimony and taking evidence found that:

pursuant to D.C.Code 1973, § 28:2–314 there was an implied warranty on the part of Air Care of "marketability" of the equipment it had sold appellants and this warranty had been breached because "warm air [was expelled] during the period of hot and humid days instead of cool air" (R. at 10),

Air Care had notice of and sufficient time to remedy its breach (R. at 11, 13), and,

since the value of the equipment at the time of appellants' acceptance was zero but its value, had it been as warranted, would have been $1,500, appellants were entitled to this amount of damages (R. at 13).

In spite of these findings the trial court concluded it was *required* to render judgment for Air Care because (1) "the implied warranty [on the part of Air Care] is not in force until the expiration of the date of the specific warranty" [issued by the manufacturer Whirlpool] (R. at 17), and (2) even if the implied warranty of "marketability" running to appellants from Air Care was in force and operative, Air Care had assigned such implied warranty to Washington Gas Light Company and therefore appellants should have sued that Company rather than appellee (R. at 15, 16).

■ We view as error the trial court's conclusion that the implied warranty of the seller, appellee Air Care, could not be effective until Whirlpool's express manufacturer's warranty had expired. As the trial court acknowledged (R. at 16), there was no language in the contract of sale or the express warranty which "excluded or modified" the implied warranty of merchantability arising out of the sale by Air Care to the appellants. See D.C.Code 1973, § 28:2–316.[1] The question thus becomes in this case whether the seller's implied warranty is so inconsistent with the manufacturer's express warranty that the two cannot both exist. The governing statute, D.C.Code 1973, § 28:2–317, provides that "[w]arranties whether express or implied *shall be construed as consistent with each other and as cumulative*, but if such construction is unreasonable the intention of the parties shall determine which warranty is dominant." (Emphasis added.) We have heretofore recognized that an express warranty against defective workmanship of parts for an auto "does not of itself" conflict with an implied warranty of the auto's fitness for use. Green v. Northeast Motor Co., D.C.Mun.App., 166 A.2d 923, 924 (1961). In the present case we do not find unreasonable a construction of Whirlpool's express warranty of the air conditioner and its parts and Air Care's implied warranty of merchantability of the air conditioner as consistent with and cumulative to one another.

■ We also view as erroneous the trial court's conclusion that the Gas Company had assumed from Air Care the implied warranty of merchantability running to the Lees. The purchase agreement between appellants and Air Care expressly provides that the Gas Company "assumes no obligations as regards the merchandise" and accepts responsibility only for "servicing and executing such service as specified *under the manufacturer's warranty*". (Emphasis added.) (R. at 30.)

■ Appellee seeks to uphold the judgment on grounds not relied upon by the trial court, *viz.*, appellants' failure (1) to give timely notice to Air Care of its alleged breach of implied warranty and (2) to give reasonable opportunity to Air Care to repair the air conditioner. As to Air Care's contentions, the trial judge noted that the Lees' air conditioner had allegedly been described by an officer of Air Care as "a lemon" (R. at 9) and the court went on to make the express finding that Air Care had breached its implied warranty and had notice of and sufficient time to remedy the breach. (R. at 9–10.) Since the record before us contains none of the testimony rendered at trial but only the trial judge's oral findings, we are unable to say that the court was clearly wrong in making such a finding nor are we able to uphold the judgment on the basis of these arguments by appellee.

1. Under § 28:2–314, a warranty of merchantability is implied in every sale of goods by a merchant who deals in goods of that kind. That warranty may be modified or excluded only in accordance with the requirements of § 28:2–316(2) that the disclaimer (1) be conspicuous and (2) explicitly mention merchantability. No attempt was made to do so in the instant case.

Accordingly, the judgment is reversed and the case remanded with directions to enter judgment for appellants in the amount of $1,500.[2]

So ordered.

2. The trial judge commendably fixed the amount of damages for the breach of implied warranty of marketability "so if the Court of Appeals disagrees with me . . . I will have made all the findings required for decision by them so it [the complaint] won't have to be tried again . . . ." (R. at 11.)